Jennifer L. Braster
Nevada Bar No. 9982
Naylor & Braster
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: +1.702.420.7000
Email: jbraster@nblawnv.com

Nicole M. Perry, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
Allison L. McQueen, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Email: bbiesenthal@jonesday.com
       amcqueen@jonesday.com

*Attorneys for Defendant Hilton Franchise Holding LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **JANE DOE (S.C.), a pseudonym,** | Case No. _____ |
| **Plaintiff,** | |
| v. | *Defendant Hilton Franchise Holding LLC's Notice of Removal* |
| **N.W.H. LTD., ET AL.,** | |
| **Defendant.** | |

Hilton Franchise Holding LLC ("Hilton" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, respectfully

gives notice of the removal of this action from the District Court in the Eighth Judicial District of Clark County, Nevada, to the United States District Court for the District of Nevada. In support of this Notice of Removal, Defendant states as follows:

### I.     INTRODUCTION

1. On November 13, 2023, Plaintiff Jane Doe (S.C.) filed her Complaint naming Hilton as a defendant in the District Court in the Eighth Judicial District of Clark County, Nevada, Case Number A-23-881461-B ("State Court Action"). Hilton was first served with process on November 17, 2023.

2. Removal is being effectuated within 30 days of the receipt of the Complaint pursuant to 28 U.S.C. § 1446(b).

3. Copies of all process, pleadings, orders, and other papers on file in the State Court Action are attached as follows:

- The Complaint is attached as **Exhibit A**;
- All executed process in this case is attached as **Exhibit B**;
- The docket sheet for the State Court Action is attached as **Exhibit C**;
- All orders signed by the state judge and notices are attached as **Exhibit D**;
- An index of the matter being filed is attached as **Exhibit E**; and
- A list of all counsel of record, including addresses, telephone numbers, and parties represented is attached as **Exhibit F**.

4. The Complaint purports to assert one claim under 18 U.S.C. § 1595 and one claim under 18 U.S.C. § 2255(a) ("Federal Claims"), both of which are federal statutes. The Complaint also purports to assert six claims under Nevada state law ("State Law Claims"):

one claim under Nevada Revised Statutes § 41.13965 and one claim under Nevada Revised Statutes § 41.1399, as well as four state law tort claims.

5. As set out below, removal of the State Court Action is proper because it is a civil action that arises from a federal statute and, therefore, is subject to the Court's original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a).

6. Additionally, as set out below, removal of the State Court Action is proper with respect to Plaintiff's State Law Claims because this Court has supplemental jurisdiction over all of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

## II.   BASIS FOR REMOVAL

7. This case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. The Complaint purports to assert a claim under 18 U.S.C. § 1595. *See* Complaint at ¶¶ 63–69. That statute provides a federal cause of action that may be brought "in an appropriate district court of the United States . . . ." 18 U.S.C. § 1595(a).

9. The Complaint also purports to assert a claim under 18 U.S.C. § 2255(a). *See* Complaint at ¶¶ 70–77. That statute likewise provides a federal cause of action that may be brought "in any appropriate United States District Court . . . ." 18 U.S.C. § 2255(a).

10. Because Plaintiff's Complaint purports to assert claims arising under the laws of the United States, this action is within the original jurisdiction of this Court under 28 U.S.C. § 1331.

11. The Complaint further purports to assert six State Law Claims. *See* Complaint at ¶¶ 78–96. Plaintiff's Federal Claims and State Law Claims all derive from a common nucleus of operative fact—*i.e.*, alleged harm that Plaintiff suffered as a victim of sex trafficking for which Plaintiff alleges that defendants are liable. Plaintiff provides the factual basis for her claims in the "Background" section of the Complaint. *See* Complaint ¶¶ 29–54. Under each claim that Plaintiff asserts, Plaintiff merely draws legal conclusions but pleads no additional facts. Importantly, Plaintiff identified no facts for the State Law Claims that differ or diverge in any way from the facts Plaintiff identified as the basis for the Federal Claims. As a result, the same factual basis supports both the State Law Claims and Federal Claims, and all of the claims thus derive from a common nucleus of operative fact.

12. Because Plaintiff's Federal Claims and State Law Claims derive from a common nucleus of operative fact, they form part of the same case or controversy and, consequently, fall within this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

13. All of Plaintiff's claims are within this Court's original or supplemental jurisdiction. As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

### III. PROCEDURAL REQUIREMENTS

14. Defendant was served with process on November 17, 2023, and removal is thus timely pursuant to 28 U.S.C. § 1446(b).

15. Pursuant to 28 U.S.C. § 1446(a), correct copies of all process and documents filed in the State Court Action are attached as set out above as Exhibits A–F.

16. Defendant will have a copy of this Notice of Removal filed with the Clerk of the District Court in the Eighth Judicial District of Clark County, Nevada. A copy of this Notice is attached hereto as **Exhibit G**.

17. Venue is proper in the District of Nevada as the state court in which the State Court Action is pending is within the jurisdictional confines of the District of Nevada. *See* 28 U.S.C. § 1446(a).

18. Hilton Worldwide Holdings Inc. asserts that it is not a proper defendant to this case and expects to be dismissed by agreement with Plaintiff's counsel shortly. In any event, Hilton Worldwide Holdings Inc. consents to removal of this case. Hilton Franchise Holding LLC is the first defendant to appear in the present action and, consequently, has been unable to ascertain who is representing the remaining defendants. Hilton expects the remaining defendants to consent to the removal upon appearance. *See Desfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011) (holding that, if all defendants do not join in the removal "when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment").

19. Defendant attaches a completed Civil Cover Sheet hereto as **Exhibit H**.

20. Simultaneously with the filing of this Notice of Removal, Defendant files its disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

WHEREFORE, Defendant Hilton Franchise Holding LLC respectfully gives notice of the removal of the State Court Action to this United States District Court for the District of Nevada and respectfully requests that this Court assume jurisdiction over this action.

Dated: December 8, 2023

Respectfully submitted,

By: */s/ Jennifer L. Braster*
    Jennifer L. Braster

Jennifer L. Braster
Nevada Bar No. 9982
Naylor & Braster
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: +1.702.420.7000
Email: jbraster@nblawnv.com

Nicole M. Perry, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: +1.832.239.3939
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
Allison L. McQueen, *Pro Hac Vice Forthcoming, Will Comply With LR IA 11-2 Within 14 Days.*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: +1.312.782.3939
Email: bbiesenthal@jonesday.com
        amcqueen@jonesday.com