MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:	(702) 776-3333
Facsimile:	(702) 505-9787
*E-Mail:*	service@the702firm.com

GEOFFREY C. PARKER, ESQ. (*Pro Hac Vice*)
**HILTON PARKER LLC**
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
Telephone:	(614) 992-2277
Facsimile:	(614) 927-5980
*E-Mail:*	gparker@hiltonparker.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH C., pseudonymously, | Case No. : 2:23-cv-2037 |
| Plaintiff, | Judge Andrew P. Gordon |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT FP HOLDINGS, L.P. MOTION TO DISMISS** |
| N.W.H. Ltd, et al., | |
| Defendants. | |

In her response to the motions to dismiss filed by Defendants N.W.H. Ltd., SSJV Hospitality LLC, and Hilton Franchise Holding LLC, Plaintiff Sarah C. ("Sarah") explained how the over one hundred times those Defendants rented a room to Mohammed A. so he could abuse her in them gave rise to federal claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and Child Abuse Victims Rights Act ("CAVRA").

Her efforts to state similar claims against F.P. Holdings, LP—which ran the "Palms" hotel, where Sarah was assaulted by a group of men creating an underage pornographic film, and then Palms security guards kicked her to the curb—have been less fruitful. Plaintiff asks the Court to dismiss her claims against F.P. Holdings, LP, except for her claim for Intentional Infliction of Emotional Distress ("IIED"), which she asks the Court to sever and remand to state court.

1

## I. STATEMENT OF FACTS.

During Sarah's time being trafficked, she and two other underage girls were brought to a "photo shoot" at the Palms by a group of men. (FAC ¶ 104.) The men had somehow set up a video stage inside an accommodation room at the Palms. (*Id.* at ¶ 105.) The men attempted to force the girls to participate in a pornographic film—and when Sarah's friends fled, she was trapped with multiple men who then sexually assaulted her and filmed it. (*Id.* at ¶ 107.)

Security guards at the Palms, rather than calling the police or an ambulance, ejected Sarah from the premises and dumped her into the street. (*Id.* at ¶ 110.) They did not remove the assailants, nor did they cooperate with the police in prosecuting them. (*Id.* at ¶ 111.) As a result of being abruptly expelled from the Palms without proper medical care following the assaults against her by the Palms' customers, Sarah now suffers from emotional distress. (*Id.* at ¶ 146.)

## II. ARGUMENT.

### A. Sarah States a Claim for IIED.

On these facts, Sarah states a claim under Nevada law for IIED against the Palms for the acts of its security guards. In Nevada, IIED requires extreme and outrageous conduct. *Branda v. Sanford*, 97 Nev. 643, 648 (Nev. 1981) (holding plaintiff stated a claim for IIED by alleging defendant made sexual remarks to her on a bus).

Whether conduct is outrageous is for the jury to evaluate based on community standards. *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993) ("Whether the issuance of a press release which could be interpreted as stating that a police officer committed perjury is extreme and outrageous conduct is a question for the jury.").

A jury may, evaluating community standards, determine that ejecting someone from a business is extreme and outrageous enough to give rise to a claim for IIED. *Mace v. Ray*, No. 3:20-CV-412-MGG, 2022 U.S. Dist. LEXIS 120635, at *18 (N.D. Ind. July 8, 2022). In *Mace*, a store owner ejected a patron because she had a golden retriever service dog. *Id.* at *3. The owner told the patron she looked "perfectly fine" and demanded she leave. *Id.* at *3–4. Because a reasonable member of the community may have found the store owner's conduct outrageous, the Court denied summary judgment to the store owner. *Id.* at *19.

So too here. When security guards found Sarah C., a minor, being sexually assaulted by a group of older men—and being filmed—they did not call the police or attempt to obtain medical care for her. Instead, the guards ejected Sarah from hotel grounds, putting her in the street. Just as the jury in *Mace* could have found the store owner's conduct outrageous for ejecting a patron for having a service dog, so the jury here could find the Palms' conduct outrageous in ejecting Sarah C. because she was being assaulted by other guests and forced to be in underage pornography.

### B. The Court Should Sever and Remand the IIED Claim to State Court.

Once the Court dismisses all Sarah's other claims against the Palms, there is no remaining factual connection between Sarah's IIED claim and her TVPRA and CAVRA claims against Hilton and the Hampton Inn Defendants. Because the IIED claim is unrelated to the remaining federal claims, the Court may properly sever it and remand it to state court. Fed. R. Civ. P. 21; *Gonzalez v. Eggo Co.*, No. C-12-02955 RMW, 2013 U.S. Dist. LEXIS 20252, at *7 (N.D. Cal. Feb. 13, 2013) (severing products liability claims that were unrelated from federal employment claims and remanding them to state court).

Courts have discretion to remand a removed case "after the federal claim is dropped." *Id.* Courts consider whether remanding or retaining jurisdiction over the case will better suit the interests of "economy, convenience, fairness and comity." *Id.* (collecting cases). The "Supreme Court has stated," and the Ninth Circuit has "often repeated," that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Here, Sarah's IIED claim is unrelated to her remaining federal claims, so there is no reason based on "economy" or "convenience" to keep that claim here. Fairness and comity here, however, are better served by a remand to state court. The case may involve some novel questions of state law, and comity interests are better served by keeping the case in state court.

### III. CONCLUSION.

The Court should dismiss all Sarah's claims against F.P. Holdings, L.P. except for her IIED claim, and it should sever and remand that one to Nevada state court.

1 | DATED this 5th day of April, 2024

**THE702FIRM INJURY ATTORNEYS**

**/s/ Michael C. Kane**
MICHAEL C. KANE, ESQ.
Nevada Bar No.: 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
BRANDON A. BORN, ESQ.
Nevada Bar No.: 15181
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:   (702) 776-3333
Facsimile:   (702) 505-9787
**E-Mail:**   *service@the702firm.com*

**/s/ Geoffrey C. Parker**
Geoffrey C. Parker (*Pro Hac Vice*)
Hilton Parker LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker@hiltonparker.com
www.hiltonparker.com