MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:   (702) 776-3333
Facsimile:   (702) 505-9787
***E-Mail:***   service@the702firm.com

Geoffrey Parker (*Pro Hac Vice*)
**HILTON PARKER LLC**
7658 Slate Ridge Blvd.
Reynoldsburg, OH  43068
Telephone:   (614) 992-2277
***E-Mail:***   gparker@hiltonparker.com

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| SARAH C., pseudonymously, | Case No.: 2:23-cv-2037-APG-DJA |
| Plaintiff, | Judge Andrew P. Gordon |
| vs. | |
| HILTON FRANCHISE HOLDING LLC, et al., | |
| Defendants. | |

### PLAINTIFF'S RESPONSE TO NOTICE REGARDING INTENTION TO DISMISS PURSUANT TO RULE 4(m)

On June 26, 2024, the Clerk gave notice that the Court may dismiss Defendants NWH, Ltd. ("NWH"), GREGORY STEPHENS ("Stephens"), ERIC WASHINGTON ("Washington"), BRANDON MCCULLOUGH ("McCullough"), and ALEXANDRA MARQUEZ SALCEDO ("Salcedo") without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to perfect service within 90 days.

Plaintiff SARAH C. ("Plaintiff") hereby opposes dismissal. Defendants NWH. and Stephens were served before the expiration of Plaintiff's time to serve them under Rule 4(m). Good cause exists to extend Plaintiff's time to serve the remaining Defendants because all three (as well as Defendant Stephens) are natural persons alleged to be human traffickers who have proven understandably difficult to locate and serve.

## I. BACKGROUND

Plaintiff is a victim of sex trafficking who was trafficked in a local Hampton by Hilton hotel for roughly a year during 2019 and 2020. *See generally* (Am. Compl., Doc. 36.) Defendant NWH, Ltd. was the owner of the hotel when Plaintiff's trafficking began. Defendants Stephens, Washington, McCullough, and Salcedo (the "Individual Defendants") are the individual traffickers who trafficked Plaintiff. (*Id.* at ¶¶ 23–37.)

Plaintiff served NWH, Ltd. with the summons and complaint on November while this matter was still pending in State court. *See* (AOS, Doc. 54.). In fact, NWH, Ltd. even filed an answer in response. (Answer, Ex. 2.)

Plaintiff's counsel directed LV Process and Investigations to serve the Individual Defendants on November 16, 2023. (Parker Decl., Ex. 1 at ¶ 3.) Stephens was successfully served on December 16, 2023. (AOS, Doc. 55.) LV Process and Investigations did not initially succeed in serving the other Defendants. (Ex. 1 at ¶ 4.)

Upon receiving the Court's Notice Regarding Intention to Dismiss (Doc. 53) on June 26, 2024, Plaintiff's counsel promptly followed up with LV Process and Investigations and instructed them to continue attempting to serve the remaining Individual Defendants. (Ex. 1 at ¶ 5.)

Defendant McCullough was served successfully on June 26, 2024. (AOS, Doc. 56.) Defendant Washington was served successfully on July 22, 2024. (AOS, Doc. 57.) Defendant Salcedo has not yet been served despite numerous and ongoing attempts to do so. (Aff. of Due Diligence, Ex. 3.)

## II. LAW

Federal Rule of Civil Procedure 4(m) provides that "if a defendant is not served within 90 days . . . the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time."

Rule 4(m) provides two avenues for relief. The court must extend time upon a showing of good cause. *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 514 (9th Cir.2001). Additionally, the Court "may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citation omitted).

In determining whether a Plaintiff's failure to timely serve is attributable to excusable neglect, Courts consider: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 1192 (quoting *Bateman v. U.S. Postal Serv.*, 231 f.3d 1220, 1223–24 (9th Cir. 2000)).

### III.   ARGUMENT

The Court should not dismiss because Defendants NWH and Stephens were served in time, and because there is good cause for Plaintiff's failure to serve the other Defendants in time. After all, the Individual Defendants are alleged human traffickers.[1] Given the circles in which they move and the usual transience of such criminals' living situations, it is unsurprising that they have proven difficult to locate and serve with process.

In the alternative, Plaintiff's failure to serve Defendants McCullough, Washington, and Salcedo is the result of excusable neglect, so the Court should extend Plaintiff's time to serve them under Rule 4(m).

**First, prejudice.** Defendants McCullough, Washington, and Salcedo may be displeased about having to defend this matter, but "the fact that a party will have to defend a claim on its merits is not 'prejudice.'" *Snow Covered Cap., LLC v. Fonfa*, Case No. 2:22-cv-01181-CDS-VCF, 2023 U.S. Dist. LEXIS 7476, at *3 (D. Nev. Jan. 17, 2023) (citing *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000)).

Few other sources of potential prejudice exist here. For one thing, discovery has been stayed in this matter pending certain motions to dismiss. (Doc. 52.) McCullough, Washington, and Salcedo will therefore be able to participate in this case fully if they so act with reasonable promptness. For another thing, if Plaintiff's claims against these Defendants are well within the TVPRA's ten-year statute of limitations, so Plaintiff will be able to simply re-file her most significant claims against any Defendant who is dismissed.

---

[1] *See, e.g.*, *Undercover police investigation leads to sex trafficking arrest in Merced*, ABC 30 ACTION NEWS (Sept. 20, 2020), available at https://abc30.com/merced-sex-trafficking-arrest/6463641/ (Defendant Washington); Glen Puitt, *North Las Vegas woman, 19, accused of sex trafficking minor*, LAS VEGAS REVIEW-JOURNAL (May 27, 2020), *available at* https://www.reviewjournal.com/crime/sex-crimes/north-las-vegas-woman-19-accused-of-sex-trafficking-of-minor-2036675/ (Defendant Salcedo).

**Second, impact on proceedings.** Plaintiff's delay will have minimal impact on the proceedings because this case remains in the early stages—the other Defendants' motions to dismiss remain pending (Docs. 40, 43)—and particularly because discovery has been stayed pending the outcome of the motions to dismiss. (Doc. 52.)

While Plaintiff's delay has admittedly been somewhat lengthy, this fact alone does not require dismissal. *See Morgan v. Cnty. of Los Angeles Dist. Attorney's Off.*, 2:23-cv-10474-MRA-MAR, 2024 U.S. Dist. LEXIS 118018, at *3 (C.D. Cal. July 3, 2024) (extending 4(m) deadline "with reluctance" after multiple warnings and a four month delay). Considering the minimal impact Plaintiff's delay will have on the proceedings, extending Plaintiff's time to serve McCullough, Washington, and Salcedo is appropriate.

**Third, reason for delay.** Plaintiff's delay was caused in significant part by the difficulty of locating and serving individual alleged human traffickers. To the extent that some delay was occasioned by Plaintiff's counsel's neglect in failing to follow up and encourage additional service attempts, that delay is understandable and, Plaintiff submits, excusable.

**Fourth, good faith.** Plaintiff stands to gain nothing from her unintentional delay, and she has moved quickly to rectify it upon the Court's prompting. Plaintiff's delay therefore bears no indicia of bad faith.

## IV.  CONCLUSION

Because good cause exists and because any neglect on Plaintiff's part was excusable, the Court should extend Plaintiff's time to serve Defendants Washington and McCullough through July 22, 2024, and should extend Plaintiff's time to serve the still-unserved Defendant Salcedo through August 26, 2024.

DATED this 26th day of July, 2024.

/S/ GEOFFREY C. PARKER
_____
GEOFFREY C. PARKER, ESQ.
(*Pro Hac Vice*)
HILTON PARKER LLC
Ohio Bar No. 0096049
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068

MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
THE702FIRM
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101

*Attorneys for Plaintiff Sarah C.*