Electronically Filed
1/10/2024 3:17 PM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
ALEXANDRA B M<sup>C</sup>LEOD, ESQ.
Nevada Bar No. 8185
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
T: 702.727.1400 | F: 702.727.1401
Alexandra.McLeod@wilsonelser.com
*Attorneys for Defendant N.W.H. Ltd.*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| S.C., individually | Case No.: A-23-881461-B |
| Plaintiff(s), | Dept. No.: 13 |
| vs. | |
| N.W.H. Ltd., a Nevada corporation; SSJV HOSPITALITY LLC, a Nevada limited liability company; HILTON FRANCHISE HOLDING LLC, a Delaware limited liability company; HILTON WORLDWIDE HOLDINGS, INC., a Delaware corporation; STATIONS CASINOS LLC, a Nevada limited liability vompany; RED ROCK RESORTS, INC., a Delaware corporation; GREGORY STEPHENS, an individual; SAN MANUEL BAND OF MISSION INDIANS; ROE CORPORATIONS I-X; and JOHN DOES I-V | **DEFENDANT, N.W.H., LTD.'S ANSWER TO COMPLAINT** |
| Defendants. | |

COMES NOW Defendant, N.W.H., LTD., by and through its counsel of record, ALEXANDRA B. M<sup>C</sup>LEOD, ESQ., of the law firm of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and hereby answers the allegations of Plaintiff's Complaint as follows:

1. In answering Paragraphs 1-3, 5, 11, 12, 15-40, 44-54, 59, 60, 62, 64, 71-74, 83, and 94 of Plaintiff's Complaint, Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth or validity of the allegations contained therein, and upon such grounds, denies each and every allegation contained therein.

291597475v.1

2. In answering Paragraphs 4, 6-8, 41-43, 58, 61, 65-68, 75-77, 79-81, 84, 86, 87, 89, 92, 93, 95, and 96 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

3. In answering Paragraphs 9 and 69 of Plaintiff's Complaint, this answering Defendant denies as to the claims of intentional conduct, negligence, and/or gross negligence of Defendant, but is without sufficient knowledge or information to form a belief as to the truth or falsity of the residual of said allegations contained therein, and therefore denies the same.

4. In answering paragraphs 10, 13, and 55 of Plaintiff's Complaint, this answering Defendant asserts that said paragraphs do not contain allegations of fact, and therefore no answer is required. To the extent that said paragraphs contain issues of fact, this answering Defendant denies each and every allegation contained therein.

5. In answering Paragraph 14 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

6. In answering Paragraphs 56, 57, and 91 of Plaintiff's Complaint, this answering Defendant asserts that said Paragraphs misstate the standard of care. To the extent that said paragraphs contain issues of fact, this answering Defendant denies each and every allegation contained therein.

7. In answering Paragraphs 63, 70, 78, 82, 85, 88, and 90, this answering Defendant repeats and realleges its answers to the foregoing Paragraphs, respectively, and incorporates the same as if fully set forth herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim against this answering Defendant is time-barred under NRS 78.585 and/or the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against this answering Defendant upon which relief can be granted.

291597475v.1

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to join a party necessary for just adjudication under NRCP 19.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff had notice of all the facts and acts of Defendant set forth in the Complaint, and has thereby been guilty of laches as should in equity bar the Plaintiff from maintaining this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate Plaintiff's alleged injuries and damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

That, at the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution or prudence for the protection of Plaintiff's own safety and the injuries and damages complained of by the Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness and negligence of the Plaintiff herself and, as such, is responsible for comparative fault in excess of fifty percent (50%), thereby exonerating any liability as against this Defendant. Should Plaintiff's comparative fault be assessed at less than fifty percent (50%), this Defendant is entitled to reduce Plaintiff's recovery accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

All of the risks and dangers involved in the factual situation described in the Compliant were open, obvious, and known or should have been known to Plaintiff, and by reason thereof, Plaintiff assumed such risks and dangers incident thereto.

### EIGHTH AFFIRMATIVE DEFENSE

Any injuries Plaintiff may have sustained, as alleged in the Complaint on file herein, were not caused by any negligence, want of care, act or omission of this answering Defendant, but through the design, negligence or want of care of unknown third parties.

### NINTH AFFIRMATIVE DEFENSE

The damage sustained by Plaintiff, if any, was caused by the acts of unknown third persons who were not agents, servants or employees of this answering Defendant, and who were not acting on behalf of this Defendant in any manner or form whatsoever, and as such, this answering

291597475v.1

Defendant is not liable in any manner to Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

This Defendant alleges that the injuries, if any, suffered by the Plaintiff were caused in whole or in part by an independent intervening cause over which this answering Defendant had no control and said independent intervening cause was not the result of negligence on the part of this Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish requisite actual or constructive notice. Defendant had no notice of the purportedly dangerous and/or illegal conduct alleged by Plaintiff in the Complaint herein, and, therefore, cannot be held liable in any manner to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

That an award of punitive damages would be unconstitutional, in that it would deny the answering Defendant his rights as guaranteed in the Due Process and Equal Protection Clauses of both the United States and Nevada Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

That an award of punitive damages would be unconstitutional, in that it would deny the answering Defendant, in theory and application, his rights under the Eighth and Fourteenth Amendment protections of the United States and Nevada Constitutions.

### FOURTEENTH AFFIRMATIVE DEFENSE

No award of punitive damages can be made against this answering Defendant pursuant to NRS 41.031, et seq.

### FIFTEENTH AFFIRMATIVE DEFENSE

That an award of punitive damages against the answering Defendant under NRS 42.010 would be unconstitutional, as such statute is a "vague sentencing provision."

### SIXTEENTH AFFIRMATIVE DEFENSE

If punitive damages are recoverable in this case, which the answering Defendant specifically denies, such are criminal punishment in nature, and must be proven by at least clear and convincing evidence. Plaintiff has failed to allege any facts sufficient to satisfy Plaintiff's burden of proof *by*

291597475v.1

*convincing evidence* that Defendant engaged in any conduct that would support an award of punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If punitive damages are recoverable in this case which the answering Defendant specifically denies, such an award cannot be disproportionate to the actor's alleged misconduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

No award of punitive damages can be awarded against this answering Defendant under the facts and circumstances alleged in Plaintiff's Complaint.

### LAST AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, Defendant prays that the Plaintiff take nothing by reason of the Complaint on file herein, and that Defendant recover from Plaintiff a reasonable attorney's fee, costs and disbursements in this action, and, for such other and further relief as the Court may deem proper.

DATED this 10th day of January, 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *[signature]*

ALEXANDRA B MCLEOD, ESQ.
Nevada Bar No. 8185
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant N.W.H., LTD.*

291597475v.1

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5, I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and that on January 10, 2024, I served **DEFENDANT, N.W.H., LTD.'S ANSWER TO COMPLAINT** as follows:

☐   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒   via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

Michael C. Kane, Esq.
Bradley J. Myers, Esq.
Joel S. Hengstler, Esq.
THE 702 FIRM INJURY ATTORNEYS
8335 West Flamingo Road
Las Vegas, NV 89147
service@the702firm.com
*Attorneys for Plaintiff*

By:  /s/ Mary Ann Tuer
An employee of 

291597475v.1