ALEXANDRA B M<sup>c</sup>LEOD, ESQ.
Nevada Bar No. 8185
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
T 702.727.1400 | F 702.727.1401
Alexandra.McLeod@wilsonelser.com
*Attorneys for Defendant N.W.H. Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| S.C., individually,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>N.W.H. Ltd.;<br>SSJV HOSPITALITY LLC;<br>HILTON FRANCHISE HOLDING LLC;<br>FP HOLDINGS, L.P.;<br>ERIC WASHINGTON;<br>GREGORY STEPHENS;<br>ALEXANDRA MARQUEZ SALCEDO;<br>BRANDON MCCULLOUGH;<br>ROE CORPORATIONS I-X; and<br>JOHN DOES I-V,<br><br>                    Defendants. | Case No.: 2:23-cv-02037-APG-DJA<br><br>**DEFENDANT, N.W.H., LTD.'S JOINDER TO HILTON FRANCHISE HOLDING LLC'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6)** |

COMES NOW Defendant, N.W.H., LTD., by and through its counsel of record, ALEXANDRA B. M<sup>c</sup>LEOD, ESQ., of the law firm of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and hereby submits this Joinder to Defendant Hilton Franchise Holding LLC's Motion to Dismiss the Complaint under Rule 12(b)(6) [**ECF No. 40**] and Reply [**ECF No. 47**]. Said Joinder hereby adopts and incorporates by reference the Points and Authorities contained in the subject Motion to Dismiss and Reply. In addition, this Joining Party points out to this Court that Plaintiff's claims against N.W.H., LTD. are barred by NRS 78.585 as a matter of law. NRS 78.585 provides that any cause of action against a dissolved corporation must be commenced within three years of its dissolution.

This Joinder is made and based upon all of the papers and pleadings on file herein, the Points and Authorities contained in Defendant Hilton's Motion to Dismiss, and such oral argument,

documentary evidence, and testimony as this Honorable Court may entertain at a hearing of the subject Motion, if so desired.

**POINTS & AUTHORITIES**

I. **INTRODUCTION & STATEMENT OF RELEVANT FACTS**

Plaintiff S.C. alleges that Defendants Eric Washington, Gregory Stephens, Alexandra Marquez Salcedo, and Brandon McCullough forced her (as a 16- and 17-year-old) to have sex with men in hotel rooms for approximately one year between mid-2019 and mid-2020. One such alleged hotel is a Hampton Inn in Las Vegas, a franchise hotel operating under the Hilton brand. Plaintiff thus seeks to hold both Hampton Inn franchisees, NWH, Ltd. (from 2004-2019) and SSJV Hospitality LLC (from 2019-present), as well as franchisor, Hilton, liable for her alleged trafficking under the federal Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") as well as other federal and state laws.

With regard to Defendant NWH, Ltd., Plaintiff concedes in her Complaint at ¶14 that, "Defendant NWH, Ltd is a revoked Nevada corporation that owned the hotel located at 7100 Cascade Valley Court, Las Vegas, Nevada 89128 from 2004 (the 'Hampton Inn') until October 30, 2019." Undoubtedly, Plaintiff's allegations subsequent to 10-30-19 have no applicability to Defendant NWH, Ltd. However, Plaintiff failed to file her Complaint within three years of the company's dissolution as required by NRS 78.585; Plaintiff's Complaint was not filed until 11-13-23 which is **more than four years after the sale of the franchise and the dissolution of NWH, Ltd**. As NRS 78.585 provides that any cause of action against a dissolved corporation must be commenced within three years of its dissolution, Plaintiff's claims against NWH, Ltd. must be dismissed.

II. **DEFENDANT HILTON'S ARGUMENTS APPLY EQUALLY TO DEFENDANT NWH, LTD.**

A. *The TVPRA Claim (Count I)*

Plaintiff's TVPRA claim fails as to both the franchisee and franchisor Defendants as a matter of law because her allegations are insufficient to establish either *perpetrator* or *participant* theory or both. MOTION at 18:13-20:21. In fact, as pointed out by Hilton, Plaintiff fails to even allege under

300690038v.1

this cause of action that the "hospitality Defendants" knowingly participated in a venture that criminally trafficked Plaintiff.

### B.   The Masha's Law Claim (Count II)

As the Court is aware, Masha's Law, gives a civil cause of action to minor victims of Section 1591(a) and similar criminal violations. These claims are intertwined and if Plaintiff's claim under Section 1591(a) fails as described above and in Hilton's motion, her claim under Masha's Law must fail as well.

### C.   The State Law Claims (Counts III-VI)

Overall, all of Plaintiff's claims fall short of federal pleading standards now that the action has been removed to this Honorable Court. Furthermore, Plaintiff's allegations fail to set forth the element of proximate cause for any of these claims.

## III.   PLAINTIFF'S CLAIMS AGAINST NWH, LTD. ARE BARRED BY NRS 78.585

Under the *Erie* doctrine, a federal court is to apply the law of the State.[1] Here, it is appropriate and mandated that this Court apply the law as set forth in NRS 78.585 and the case law of the State of Nevada in its common law interpretation of that statute.

Nevada Revised Statute 78.585 expressly limits a claimant's ability to assert claims against a dissolved corporation. The purpose of NRS 78.525 is to reasonably limit the time period in which dissolved corporations would be liable for claims against the corporation.[2] The statute was amended in 2013 and the Legislature took the opportunity to clarify the handling of pre- versus post-dissolution claims.[3] Accordingly, NRS 78.585(1) currently provides the following:

---

[1] *See*, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

[2] *Beazer Homes Nevada v. Eighth Judicial Dist. Ct.* 120 Nev. 575, 583, 97 P.3d 1132 (2004)

[3] "Moving on to sections 6 and 20, we wanted to pick up again on a footnote provided by the Nevada Supreme Court in the case of *Camarelli v. Dist. Ct.,* 127 Nev. Adv. Op. 72, 265 P.3d 673 (2011) where it was unclear as to what one would do for causes of action brought after an entity had dissolved themselves. Our current statute provides a two-year time frame for causes of action brought prior to dissolution, but is silent as to claims post-dissolution. What we tried to do in that instance was to look to see what other states have done, what the Model Business Corporation Act has done, and in that context identify that there is a ceiling or a stop-date as to when claims may be brought post-dissolution. In that regard, we have proposed amendments that set forth a three-year statute of limitations. The three years was an amendment made during the Senate work session that addresses certain concerns that were raised as to whether two years, which was the original proposal, was sufficient. This bill before you, as amended, provides for a three-year statute of limitations post-dissolution. We believe this addresses an area of the law that was unclear and provides a greater clarity for the court." *Minutes of the Meeting of the Assembly Committee on Judiciary,* May 6, 2013 at pgs. 35-36, attached hereto as **EXHIBIT A**.

300690038v.1

> The dissolution of a corporation does not impair any remedy or cause of action available to or against it or its directors, officers or stockholders commenced **within 2 years after the date of the dissolution** with respect to any remedy or cause of action in which the plaintiff learns, or in the exercise of reasonable diligence should have learned of, the underlying facts on or before the date of dissolution, or **within 3 years after the date of dissolution with respect to any other remedy or cause of action**. **<u>Any such remedy or cause of action not commenced within the applicable period is barred</u>**. The corporation continues as a body corporate for the purpose of prosecuting and defending suits, actions, proceedings and claims of any kind or character by or against it and of enabling it gradually to settle and close its business, to collect its assets, to collect and discharge its obligations, to dispose of and convey its property, to distribute its money and other property among the stockholders, after paying or adequately providing for the payment of its liabilities and obligations, and to do every other act to wind up and liquidate its business and affairs, but not for the purpose of continuing the business for which it was established. (emphases added)

Here, the plain language of NRS 78.585 is clear and unambiguous. When reading the statute, there should be no doubt that pre-dissolution claims must be filed within two years after the dissolution and any post-dissolution claim must be filed within three years.[4] NWH, Ltd. sold its franchise and dissolution approved by its directors on or about 10-30-19, yet Plaintiff's claims were not filed until 11-13-23.

Because Plaintiff alleges that she was a minor during the period of her trafficking, the limitations period did not begin to run until she turned 18 pursuant to NRS 11.250. According to the First Amended Complaint, Plaintiff was 16 in 2019.[5] Therefore, Plaintiff turned 18 in 2021, which means the two-year limitations period expired in 2023 before she filed her original Complaint on 11-13-23. Although the three-year limitations period for post-dissolution claims did not run until 2024, it is clear in this case that Plaintiff knew the underlying facts before the date of dissolution.

. . .

. . .

. . .

---

[4] See, *Wells Fargo Bank, N.A. v. Fid. Nat'l. Title Group, Inc.*, 2021 U.S. Dist. LEXIS 135804, *6 (D. Nev. 2021); *see also, The Edward J. and Maureen K. Browne Living Trust, et al. v. D.R. Horton, Inc.*, Case No. A-21-836907-D, Order Granting Third-Party Defendant Quality Wood Products, Ltd.'s Motion to Dismiss.

[5] ECF No. 36, ¶28, *see also* ¶39.

300690038v.1

## IV. CONCLUSION

WHEREFORE, based on the foregoing Joinder, Defendant NWH, Ltd. requests the Court dismiss Plaintiff's First Amended Complaint against it and all "hospitality Defendants" with prejudice.

RESPECTFULLY SUBMITTED this 12th day of August, 2024.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: *[signature]*
ALEXANDRA B M<sup>c</sup>LEOD, ESQ.
Nevada Bar No. 8185
6689 Las Vegas Boulevard South, Suite 200
Las Vegas, NV 89119
*Attorneys for Defendant N.W.H., LTD.*

300690038v.1

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5b), I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and that on August 12, 2024, I served **DEFENDANT, N.W.H., LTD.'S JOINDER TO HILTON FRANCHISE HOLDING LLC'S MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6)** as follows:

☐ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

Michael C. Kane, Esq.
Bradley J. Myers, Esq.
Joel S. Hengstler, Esq.
**THE 702 FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, NV 89147
service@the702firm.com
*Attorneys for Plaintiff*

Allison L. McQueen, Esq.
Email: amcqueen@jonesday.com
Bethany K. Biesenthal, Esq.
Email: bbiesenthal@jonesday.com
Nicole M. Perry, Esq.
Email: nmperry@jonesday.com
**JONES DAY**
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
*Attorneys for Hilton Franchise Holding LLC*

Justin W. Smerber, Esq.
**BRANDON SMERBER LAW FIRM**
139 East Warm Springs Road
Las Vegas, NV 89119
Email: j.smerber@bsnv.law
*Attorney for Station Casinos LLC*

Marcus Lee, Esq.
E: MLee@ohaganmeyer.com
Laura E. Rios, Esq.
E: LRios@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4thStreet, Suite 1250
Las Vegas, NV 89101
*Attorneys for SSJV Hospitality LLC*

Jennifer L Braster, Esq.
**NAYLOR & BRASTER**
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Email: jbraster@naylorandbrasterlaw.com
*Attorneys for Hilton Franchise Holding LLC*

By: /s/ Mary Ann Tuer
An employee of WILSON ELSER

300690038v.1