# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sarah C., pseudonymously, | Case No. 2:23-cv-02037-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Hilton Franchise Holding, LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's response to the Court's notice of intention to dismiss under Rule 4(m).  (ECF No. 58).  In the Court's notice, the Clerk's Office explained that "[t]o date, there has been no proof of service filed as to: N.W.H. Ltd., Gregory Stephens, Eric Washington, Brandon McCullough, Alexandra Marquez Salcedo."  (ECF No. 53) (emphasis removed).  In her response, Plaintiff explains that she already served N.W.H., Ltd. and Stephens before the 4(m) deadline.[1]  Otherwise, she explains that good cause and excusable neglect exist to extend the deadline for service on the remaining Defendants because they are "alleged human traffickers" and "[g]iven the circles in which they move and the usual transience of such criminals' living situations, it is unsurprising that they have proven difficult to locate and serve with process."  (ECF No. 58 at 3).

However, Plaintiff's explanation does not make sense.  The docket sheet and her counsel's declaration indicate that Plaintiff only attempted to serve Washington, McCullough, and Salcedo *after* the deadline for service had already passed and *after* the Court issued its notice of intent to dismiss.  And once Plaintiff began attempting service, she was able to quickly serve Washington and McCullough.

---

[1] Plaintiff filed her initial complaint—naming N.W.H. and Stephens—on November 13, 2023 in state court.  (ECF No. 1-1).  So, her November 16, 2023 and December 16, 2023 service on N.W.H. and Stephens, respectively, was timely.

Additionally, Plaintiff filed her request for an extension as a response, not as a motion. This means that, if other parties were viewing the docket, they would not realize that Plaintiff had filed a motion to which they needed to respond unless they opened the specific document. So, the fact that no party has responded to Plaintiff's request does not weigh in favor of the Court granting her request.

The Court thus denies Plaintiff's request for an extension of time to serve Defendants Washington, McCullough, and Salcedo without prejudice. Plaintiff may re-file a motion for extension of the Rule 4(m) deadline. But she must provide further explanation about why she missed the deadlines to serve these Defendants and she must file it as a motion.

### **Discussion**

Plaintiff asserts that initially, her counsel instructed LV Process and Investigations to serve "all Defendants named in Plaintiff's original complaint that maintain registered agents in the State of Nevada. Defendants NWH, Ltd., Gregory Stephens, Brandon McCullough, Eric Washington, and Alexandra Marquez Salcedo were all included in this request." (ECF No. 58-1 at 1). Her counsel adds that "LV Process and Investigations succeeded in serving Defendants NWH, Ltd. and Gregory Stephens, but it is my understanding that they were unable to serve Defendants McCullough, Washington, and Salcedo." (*Id.* at 2). This is confusing because Plaintiff's original complaint did not name McCullough, Washington, or Salcedo as Defendants at all. (ECF No. 1-1). Instead, the first time Plaintiff named these Defendants was in her first amended complaint, filed on February 29, 2024, making proof of service on the newly-added Defendants due on May 29, 2024. (ECF No. 36); *see* Fed. R. Civ. P. 4(m). Indeed, Plaintiff included the summonses for these Defendants with that first amended complaint. (ECF No. 36-2, 36-3, and 36-4).

However, Plaintiff did not serve McCullogh and Washington until June 26, 2024, and July 22, 2024, respectively. (ECF Nos. 56, 57). This means that Plaintiff was able to serve McCullough on the same day she received the notice of intent to dismiss. *Compare* (ECF No. 53) *with* (ECF No. 56). And she was able to serve Washington less than a month later. *Compare* (ECF No. 53) *with* (ECF No. 57). So, after careful inspection of the docket, Plaintiff's

explanation that she missed the service deadline because Washington and McCullough are criminals whose lifestyle makes it easier to evade service falls flat.

The same is true of Plaintiff's explanation regarding Salcedo. She claims that Salcedo is also an alleged human trafficker and that "Salcedo has not yet been served despite numerous and ongoing attempts to do so." (ECF No. 58 at 2). But the affidavit of due diligence she attaches from the process server shows that, although the process server received the summons on March 1, 2024, the process server did not attempt service until June 26, 2024, the day the Court issued its notice of intent to dismiss. *Compare* (ECF No. 53) *with* (ECF No. 58-3). So, even if Plaintiff is now having difficulty locating Salcedo, that does not explain why she missed the deadline for service.

Because Plaintiff has not demonstrated good cause to extend the time for service under Federal Rule of Civil Procedure 4(m), the Court denies her request.

**IT IS THEREFORE ORDERED** that Plaintiff's request to extend time (ECF No. 58) is **denied without prejudice.**

DATED: August 14, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE