# Exhibit A

Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
       amcqueen@jonesday.com

Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com

Attorneys for Defendant
*Hilton Franchise Holding LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE (S.C.), a pseudonym, | **Case No. 2:23-cv-02037-APG-DJA** |
| Plaintiff, | |
| v. | **DEFENDANT HILTON FRANCHISE HOLDING LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| HILTON FRANCHISE HOLDING LLC, *et al.*, | |
| Defendants. | |

Hilton Franchise Holding LLC ("Hilton") hereby gives notice of the Southern District of New York's decision granting Hilton's motion to dismiss in *Doe (G.N.C.) v. Uniquest Delaware, LLC*, No. 1:23-cv-07980 (S.D.N.Y. Sept. 11, 2024). Ex. B. *G.N.C.* is especially salient because, much like this case, it involves boilerplate allegations that are ultimately insufficient to state a claim. *Id.*; *see* Reply in Support of Hilton's Mot. to Dismiss ("MTD Reply") at 2–3, ECF No. 47.

In *G.N.C.*, the plaintiff alleged similar facts. She alleged that she was trafficked at an Embassy Suites in Buffalo, New York, over a three-month period. Ex. B at 5. She named not only the hotel franchisee but also Hilton itself in its capacity as a franchisor (and others). *Id.* at 8. And she (i) claimed that Hilton participated in a venture that engaged in sex trafficking, and (ii) claimed that Hilton was vicariously liable for the hotel franchisee's liability as a perpetrator of sex trafficking. The court saw right through and dismissed those claims, finding that while the length of the (template) complaint gave "the superficial appearance of a pleading likely to contain detailed allegations of liability," it "repeatedly blur[red] lines between defendants" and included "sweeping collective allegations" that did not satisfy federal pleading standards. *Id.* at 1.

As for the participation claim, the court invoked *Red Roof Inns* (11th Cir.)[1] to reject it: "[C]rediting all of the allegations of the SAC, they do not plausibly allege that [Hilton Franchise Holding LLC] or its employees had reason to know or suspect that Doe was being trafficked at the [hotel]." Ex. B at 8 (citing *Doe #1 v. Red Roof Inns*, 21 F.4th 714, 726–27 (11th Cir. 2021)). In doing so, the court noted that plaintiff-specific knowledge *is* required in the context of one plaintiff's claim against one hotel and also explained that "[i]t is *not* sufficient that one member of the venture [*i.e.*, the franchisee] have actual or constructive knowledge." *Id.* at 9. The court also reiterated that a participation claim requires "that the defendant [] 'should have known' of sex trafficking, not merely that it 'might have been able to guess' about [it]." *Id.* at 5 (citing *L.M. v. 42 Hotel Raleigh, LLC*, __ F. Supp. 3d __, 2024 WL 631482, at *5 (E.D.N.C. Feb. 13, 2024)). As for the vicarious liability claim, the court invoked *S.J.* (E.D.N.Y.) to reject it as well. *Id.* at 11 (citing *S.J. v. Choice Hotels Int'l*, 473 F. Supp. 3d 147, 154 (E.D.N.Y. 2020)). Applying state law, "a

---

[1] Despite Plaintiff's counsel in *G.N.C.* also urging the court to rely on cases from the Southern District of Ohio rather than circuit precedent, the court did not cite those cases. *See id.* at 3–5; MTD Reply at 7, ECF No. 47.

1  franchisee is generally not the agent of a franchisor," the court held, and "[n]othing is alleged
2  satisfying the 'high standard' of 'complete control'" required to rebut that presumption. *Id.* (citing
3  *S.J.*, 473 F. Supp. 3d at 154); *see* MTD Reply at 9–10, ECF No. 47 (citing federal and state cases).
4      In sum, *G.N.C.* dismissed both claims against Hilton, even while permitting a claim to
5  proceed against the hotel franchisee. The Court should likewise dismiss all claims against Hilton
6  in this case. *See* MTD Reply at 10–12, ECF No. 47.

Dated: September 13, 2024                Respectfully Submitted,

                                             */s/ Nicole M. Perry*
Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
            amcqueen@jonesday.com

Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email:  jbraster@nblawnv.com

Attorneys for Defendant
*Hilton Franchise Holding LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

          /s/ *Nicole M. Perry*
Nicole M. Perry

Attorney for Defendant
*Hilton Franchise Holding LLC*