# Exhibit B-2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J.R., an individual,

    Plaintiff,

v.                                           Case No. 3:23-cv-63-HES-JBT

EXTENDED STAY AMERICA,
INC., et al.,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** is before this Court on Defendants' Wyndham Hotels & Resorts, Inc. ("WHR"), Extended Stay America, Inc. ("ESA"), Jai Shree Laxmi, LLC ("JSL"), and Red Lion Hotels Corporation Franchise Systems, Inc. ("RLC") Motions to Dismiss (Dkts. 23, 27, 41, 47), and Plaintiff's Responses (Dkts. 45, 48, 51, 52).

I

    The single-count Complaint alleges throughout 2013, Plaintiff was trafficked for commercial sex in different Jacksonville, Florida hotels. (Dkt. 2, ¶ 7). Plaintiff alleges, in a 70-page Complaint, contentions related to hotel sex trafficking in the Jacksonville, Florida area, and her experiences with sexual exploitation and victimization in Defendants' hotels. Plaintiff alleges she

faced "repeated instances of rape, physical abuse, exploitation, psychological torment, kidnapping, and imprisonment at the hotels owned, operated, supervised and/or branded and franchised by Defendants." (Dkt. 2, ¶ 36).

Plaintiff also alleges her traffickers had personal relationships with staff at Defendants' hotels, including front desk management and housekeeping staff, and the staff did not report the signs of her trafficking to law enforcement despite the "constant and obvious" nature of those signs. (Dkt. 2, ¶ 41). These obvious signs, according to Plaintiff, included foot traffic to and from rooms, violence, illegal drug use, provocative clothing, and online reviews stating the prevalence of sex trafficking and other criminal activity at Defendants' hotels. (Dkt. 2, ¶ 41, 44).

Plaintiff asserts Defendants avoided taking concrete steps to prevent, spot, and report trafficking at their hotels and alleges the repeated crimes she experienced took place with the "actual and/or constructive knowledge of Defendants, which systematically created ways to use trafficking victims as a means to increase their profits." (Dkt. 2, ¶ 8). Plaintiff alleges Defendants' actions violated 18 U.S.C. § 1595(a), the "Trafficking Victims Protection Act" (TVPRA), which provides a civil remedy for victims of sex trafficking against an individual or entity who "knowingly benefits, financially or by receiving anything of value from participation in a venture that a person knew or

2

should have known."

Defendants seek to dismiss the Complaint arguing: (1) it does not allege Defendants knew or should have known about Plaintiff's trafficking; and (2) it does not allege Defendants participated in a venture under the TVPRA. Plaintiff responds Defendants knew or should have known individuals were being trafficked in these hotels, and she insists the Complaint alleges Defendants participated in a venture by harboring sex traffickers.

## II

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2000) (*quoting Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the Court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Still, courts are not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A complaint that provides 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' is

3

not adequate to survive a 12(b)(6) motion to dismiss." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions, on case-by-case basis, that well pleased factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## III

The TVPRA is a criminal statute that provides a civil remedy for individuals victimized by sex trafficking. Section 1591(a) establishes criminal culpability for particular instances of sex trafficking:

(a) Whoever knowingly—

> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

4

18 U.S.C. § 1591(a).

With criminal penalties, the TVPRA offers civil recourse:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The TVPRA, therefore, permits a sex trafficking victim to directly file a civil lawsuit against the trafficker and a "beneficiary" civil claim against "whoever knowingly benefits" from the venture. 18 U.S.C. § 1595(a).

To properly state a claim for TVPRA civil liability a plaintiff must show the defendant: "(1) knowingly benefited; (2) from taking part in a common undertaking or enterprise involving risk and potential profit; (3) that undertaking, or enterprise violated the TVPRA as to the plaintiff; and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

The first element of a TVPRA claim requires a plaintiff to allege the defendant "knew it was receiving some value from participating in the

5

alleged venture." *Id.* at 724. The Eleventh Circuit explained, "'Knowledge' is '[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.'" *Id.* at 723-24 (citing Black's Law Dictionary (11th ed. 2019)). To satisfy this standard, a plaintiff "must allege that the defendant knew it was receiving some value from participating in the alleged venture." *Id.*

Plaintiff has alleged the following occurred in the presence of hotel staff: she displayed signs of physical abuse; showed signs and behaviors reflecting a use of force and coercion at every hotel where she was trafficked; her trafficker controlled her and her co-victims' identification, money, and belongings; and the rooms where Plaintiff and her co-victims "were held had indicia of commercial sex within the room . . . all visible from the public hallways and entrances of Defendants' hotels and to Defendants' personnel." (Dkt. 1, ¶ 44). Yet these allegations are made in summary fashion as to all Defendants. For much of the factual allegations in the Complaint Plaintiff does not differentiate between Defendants. These are hallmarks of a shotgun pleading as Defendants point out.

Federal Rules of Civil Procedure 8(a)(2) and 10(b) instruct on shotgun pleadings. Rule 8 requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b)

6

provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

The Eleventh Circuit has outlined the four categories of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-21 (11th Cir. 2015). The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second complaint to qualify as a shotgun pleading "is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the shotgun pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Finally, the fourth type asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* In sum, the "unifying characteristic" of the four common shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the

7

defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

This single-count Complaint names eight Defendants. The Complaint is full of multiple allegations claiming actions on behalf of "Defendants' hotels" and "Defendants' personnel" but many of these allegations lack distinction between the parties. Plaintiff's claims against Defendants involve distinct actors, events, actions, and occurrences. The Complaint consists of allegations made against all "Defendants" generally and generalizations about the hotel industry. These are legally distinct claims, involving legally distinct analyses, yet Plaintiff has grouped them into a single count. So, the Complaint will be dismissed as an impermissible shotgun pleading because it contravenes both Rules 8 and 10 and the Eleventh Circuit's admonitions.

While the Complaint will be dismissed as a shotgun pleading, this Court will also address a few of the elements of a TVPRA claim. First, "participating in a venture" requires a plaintiff to allege "the franchisors took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof Inns, Inc.*, 21 F.4th at 725. Plaintiff's complaint must plausibly allege both "participation" and a "venture."

Plaintiff alleges Defendants directly owned, operated, managed, and supervised the hotels where Plaintiff was trafficked and Defendants or their

8

agents were aware of trafficking occurrences at their hotels. (Dkt. 2, ¶ 14, 15, 16, 17). Plaintiff essentially claims Defendants took no action to protect Plaintiffs nor did they act to stop the sex trafficking at the establishments.

Yet these allegations alone cannot show Defendants participated in a common undertaking or enterprise involving risk and potential profit about trafficking. *See Red Roof Inns, Inc.*, 21 F.4th at 727. Nor can the financial benefit derived from renting hotel rooms alone show a franchisor of hotels participated in a common undertaking involving risk or profit violating the TVPRA. *Id.* The *Red Roof Inns* Court characterized this situation aptly, "observing something is not the same as participating in it." *Id.*

To bring a TVPRA claim, a plaintiff must assert more than conclusory allegations of franchisors' business relationships to show an entity or individual participated in a venture. *Red Roof Inns, Inc.*, 21 F.4th at 727. Plaintiff alleges Defendants "systematically created ways to use trafficking victims as a means to increase their profits, including renting rooms and providing internet for traffickers to advertise commercial sex with J.R. at their hotels." (Dkt. 2, ¶ 8). These are conclusory allegation because they state no claim of Defendants' involvement with others involving a common undertaking of sex trafficking in the operation of hotels. The Complaint asserts conclusory allegations, and Plaintiff has presented no theory

9

suggesting Defendants participated in a "venture," as defined by *Red Roof Inns*.

Finally, as the fourth element, requires allegations that Defendants knew or should have known the venture violated the TVPRA as to Plaintiff. Since the "participation" element is absent, there can be no actual or constructive knowledge of participation in such a venture.

Accordingly, it is hereby **ORDERED**:

1. Defendants' Motions to Dismiss (Dkts. 23, 27, 41, 47) are **GRANTED** and the Complaint (Dkt. 2) is **dismissed without prejudice**; and

2. Plaintiff has fourteen days from the date of this Order to file an Amended Complaint. If Plaintiff fails to file an Amended Complaint this case will be dismissed without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of November 2023.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Amanda J.G. Walbrun, Esq.
Douglas Hill Clifton, Esq.
Meghan E. McCormick, Esq.
Alison H. Sausaman, Esq.

10

Jonathan Michael Hooks, Esq.
Christopher T. Byrd, Esq.
Shubhra R. Mashelkar, Esq.
David S. Sager, Esq.
J. Trumon Phillips, Esq.
Megan Cunningham, Esq.
Andrew S. Kessler, Esq.
Ryan Dennis Schoeb, Esq.

11