1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3    S.C.,                                   Case No.: 2:23-cv-02037-APG-DJA

4        Plaintiff                       **Order Denying as Moot F.P. Holdings'**
                                          **Motion to Dismiss, Granting Plaintiff's**
5    v.                                   **Voluntary Dismissal, and Remanding**
                                          **Remaining Claim**
6    HILTON FRANCHISE HOLDING LLC, et
     al.,                                      [ECF Nos. 43, 49]
7
         Defendants
8

9        Plaintiff S.C. sues Hilton Franchise Holding LLC, hotel operators, and several

10   individuals alleging they participated in or benefitted from sex trafficking S.C. at Las Vegas

11   hotels.  S.C. brings claims under the Trafficking Victims Protection Reauthorization Act

12   (TVPRA) and the Child Abuse Victims' Rights Act (CAVRA), as well as claims under Nevada

13   law for victims of human trafficking, negligence, and intentional infliction of emotional distress

14   (IIED).

15       Defendant F.P. Holdings, LP (FPH), which operated the Palms Casino Resort, moves to

16   dismiss all the claims against it.  In response, S.C. states that her efforts to state claims against

17   FPH have been less successful than her claims against the other hospitality defendants, and she

18   voluntarily dismisses all her claims against FPH except her IIED claim, which she requests I

19   sever and remand to state court. ECF No. 49 at 1.  FPH does not oppose this request but asks that

20   the other claims be dismissed with prejudice. ECF No. 50 at 2.  Interpreting S.C.'s request as a

21   voluntary dismissal, I dismiss her claims against FPH without prejudice except her IIED claim,

22   which I sever and remand to state court.

23

A plaintiff may voluntarily dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  Unless the parties stipulate otherwise, the dismissal is without prejudice. Fed R. Civ. P. 41(a)(1)(B).  I interpret S.C.'s request in her response as a notice of dismissal and dismiss all her claims against FPH without prejudice, except her IIED claim.  When appropriate, I may "sever any claim against a party." Fed. R. Civ. P. 21.  Because S.C.'s IIED claim against FPH relies on distinct facts from her claims against the other hospitality defendants, severing this claim is appropriate.  Lacking any basis for federal jurisdiction over the IIED claim against FPH, I remand that claim to state court.

I THEREFORE ORDER that defendant F.P. Holdings, LP's motion to dismiss (**ECF No. 43**) is **DENIED as moot**.

I FURTHER ORDER that plaintiff S.C.'s voluntary dismissal for all claims against F.P. Holdings, LP except IIED (**ECF No. 49**) is **GRANTED**.  I dismiss these claims without prejudice.

I FURTHER ORDER that plaintiff S.C.'s remaining IIED claim against F.P. Holdings, LP is severed and remanded to the state court from which it was removed for all further proceedings.

DATED this 12th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE