Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
       amcqueen@jonesday.com

Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email: jbraster@nblawnv.com

Attorneys for Defendant
*Hilton Franchise Holding LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE (S.C.), pseudonymously,<br><br>Plaintiff,<br><br>v.<br><br>N.W.H. Ltd.; SSJV HOSPITALITY LLC; HILTON FRANCHISE HOLDING LLC; ERIC WASHINGTON; GREGORY STEPHENS; ALEXANDRA MARQUEZ SALCEDO; BRANDON MCCULLOUGH; ROE CORPORATIONS I-X; and JOHN DOES I-V,<br><br>Defendants. | Case No. 2:23-cv-2037<br><br>**DEFENDANT HILTON FRANCHISE HOLDING LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant HILTON FRANCHISE HOLDING LLC ("Hilton"), by and through its

counsel, answers Plaintiff Sarah C.'s Second Amended Complaint ("SAC") [ECF No. 71] as follows:

### INTRODUCTION

1. In response to Paragraph 1, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

2. In response to Paragraph 2, Hilton denies the allegations.

3. In response to Paragraph 3, Hilton denies the allegations.

4. In response to Paragraph 4, Hilton denies the allegations.

5. In response to Paragraph 5, Hilton denies the allegations.

6. In response to Paragraph 6, Hilton denies the allegations.

7. In response to Paragraph 7, Hilton denies the allegations.

8. In response to Paragraph 8, Hilton denies the allegations.

9. In response to Paragraph 9, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

10. In response to Paragraph 10, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

11. In response to Paragraph 11, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

### PARTIES

12. In response to Paragraph 12, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

13. In response to Paragraph 13, Hilton answers that Plaintiff has not moved to proceed under a pseudonym, as Ninth Circuit custom dictates. *See Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). Even assuming such a motion is granted, however, Hilton

preserves all rights to ensure the use and disclosure of Plaintiff's identity does not violate its due process rights, including the right to investigate these claims.

14. The allegations in Paragraph 14 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

15. The allegations in Paragraph 15 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

16. The allegations in Paragraph 16 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

17. In response to Paragraph 17, Hilton admits it is a Delaware limited liability company and that, during the period of Plaintiff's alleged trafficking, one of its subsidiaries was the franchisor of the hotel located at 7100 Cascade Valley Court, Las Vegas, Nevada 89128.

18. The allegations in Paragraph 18 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

19. The allegations in Paragraph 19 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

20. The allegations in Paragraph 20 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

21. As to the allegations in Paragraph 21 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 21 that are directed at Hilton, Hilton denies the allegations.

22. The allegations in Paragraph 22 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

23. The allegations in Paragraph 23 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

24. The allegations in Paragraph 24 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

25. The allegations in Paragraph 25 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

26. The allegations in Paragraph 26 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

## BACKGROUND

<u>Sarah's Victimization by the Individual Defendants</u>

27. In response to Paragraph 27, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations. To the extent the heading of this Section contains factual allegations, Hilton denies them.

28. The allegations in Paragraph 28 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

29. The allegations in Paragraph 29 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

30. The allegations in Paragraph 30 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

31. The allegations in Paragraph 31 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

32. The allegations in Paragraph 32 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

33. In The allegations in Paragraph 33 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

34. The allegations in Paragraph 34 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

35. The allegations in Paragraph 35 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

36. The allegations in Paragraph 36 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

Sarah's Victimization at the Hampton Inn

37. The allegations in Paragraph 37 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. To the extent the heading of this Section contains factual allegations, Hilton denies them.

38. In response to Paragraph 38, Hilton denies the allegations.

39. In response to Paragraph 39, Hilton denies the allegations.

40. In response to Paragraph 40, Hilton denies the allegations.

41. In response to Paragraph 41, and subparagraphs a-e, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

42. In response to Paragraph 42, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

43. In response to Paragraph 43, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

44. In response to Paragraph 44, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

45. In response to Paragraph 45, Hilton denies the allegations.

46. In response to Paragraph 46, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

47. In response to Paragraph 47, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

48. In response to Paragraph 48, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

49. In response to Paragraph 49, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

50. In response to Paragraph 50, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

51. In response to Paragraph 51, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

52. In response to Paragraph 52, Hilton denies the allegations.

53. In response to Paragraph 53, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

54. In response to Paragraph 54, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

55. In response to Paragraph 55, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

56. In response to Paragraph 56, Hilton denies the allegations.

57. In response to Paragraph 57, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

58. In response to Paragraph 58, Hilton denies the allegations.

59. In response to Paragraph 59, Hilton denies the allegations.

60. In response to Paragraph 60, Hilton denies the allegations.

61. In response to Paragraph 61, Hilton denies the allegations.

62. In response to Paragraph 62, Hilton denies the allegations.

63. In response to Paragraph 63, and the accompanying footnote, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

64. In response to Paragraph 64, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

65. In response to Paragraph 65, Hilton denies the allegations.

<u>Hilton's Control over and Knowledge of its Franchisee's Conduct</u>

66. In response to Paragraph 66, Hilton states that its brand standards speak for themselves as to what Hilton provides to its franchisees, and denies the allegations to the extent they are inconsistent with what those brand standards state. To the extent the heading of this Section contains factual allegations, Hilton denies them.

67. In response to Paragraph 67, Hilton states that its franchise agreements speak for themselves as to what Hilton provides to its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

68. In response to Paragraph 68, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

69. In response to Paragraph 69, including subparagraphs a-g, Hilton denies the allegations.

70. In response to Paragraph 70, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

71. In response to Paragraph 71, Hilton denies the allegations.

72. In response to Paragraph 72, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

73. In response to Paragraph 73, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

74. In response to Paragraph 74, Hilton denies the allegations.

75. In response to Paragraph 75, Hilton denies the allegations.

76. In response to Paragraph 76, Hilton denies the allegations.

77. In response to Paragraph 77, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

78. In response to Paragraph 78, Hilton denies the allegations.

79. In response to Paragraph 79, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

80. In response to Paragraph 80, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

81. In response to Paragraph 81, Hilton denies the allegations.

82. In response to Paragraph 82, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

83. In response to Paragraph 83, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

84. In response to Paragraph 84, Hilton denies the allegations.

85. In response to Paragraph 85, Hilton denies the allegations.

86. In response to Paragraph 86, including the accompanying footnotes, Hilton denies the allegation.

87. In response to Paragraph 87, Hilton denies the allegations.

88. In response to Paragraph 88, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

89. In response to Paragraph 89, including the accompanying footnotes, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

90. In response to Paragraph 90, Hilton denies the allegations.

91. In response to Paragraph 91, Hilton denies the allegations.

92. In response to Paragraph 92, Hilton denies the allegations.

93. In response to Paragraph 93, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

94. In response to Paragraph 94, Hilton denies the allegations.

95. In response to Paragraph 95, Hilton denies the allegations.

96. In response to Paragraph 96, Hilton states that its franchise agreements speak for themselves as to what Hilton requires of its franchisees, and denies the allegations to the extent they are inconsistent with what those agreements state.

97. In response to Paragraph 97, Hilton denies the allegations.

98. In response to Paragraph 98, Hilton denies the allegations.

99. In response to Paragraph 99, Hilton denies the allegations.

100. In response to Paragraph 100, Hilton denies the allegations.

101. In response to Paragraph 101, Hilton denies the allegations.

102. In response to Paragraph 102, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

### COUNT I: 18 U.S.C. § 1595 ("TVPRA")

103. Hilton incorporates its prior paragraphs. To the extent the heading of this Section contains factual allegations, Hilton denies them.

104. In response to Paragraph 104, Hilton is without sufficient knowledge to admit or deny whether Plaintiff is a victim of sex trafficking, and on that basis, denies the allegations.

105. The allegations in Paragraph 105 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

106. As to the allegations in Paragraph 106 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 106 that are directed at Hilton, Hilton denies the allegations.

107. As to the allegations in Paragraph 107 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 107 that are directed at Hilton, Hilton denies the allegations.

108. As to the allegations in Paragraph 108 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 108 that are directed at Hilton, Hilton denies the allegations.

109. As to the allegations in Paragraph 109 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies

them. As to the allegations in Paragraph 109 that are directed at Hilton, Hilton denies the allegations.

110. As to the allegations in Paragraph 110 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 110 that are directed at Hilton, Hilton denies the allegations.

111. As to the allegations in Paragraph 111 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 111 that are directed at Hilton, Hilton denies the allegations.

112. The allegations in Paragraph 112 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

113. The allegations in Paragraph 113 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

114. In response to Paragraph 114, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

**COUNT II: 18 U.S.C. § 2255(A), CHILD ABUSE VICTIMS' RIGHTS ACT ("CAVRA")**

115. Hilton incorporates its prior paragraphs. To the extent the heading of this Section contains factual allegations, Hilton denies them.

116. In response to Paragraph 116, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

117. In response to Paragraph 117, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

118. In response to Paragraph 118, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

119. The allegations in Paragraph 119 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

120. As to the allegations in Paragraph 120 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 120 that are directed at Hilton, Hilton denies the allegations.

121. As to the allegations in Paragraph 121 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 121 that are directed at Hilton, Hilton denies the allegations.

122. The allegations in Paragraph 122 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

123. The allegations in Paragraph 123 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

124. In response to Paragraph 124, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

## COUNT III: NRS 41.13965 ("PERSONAL INJURY")

125. Hilton incorporates its prior paragraphs. To the extent the heading of this Section contains factual allegations, Hilton denies them.

126. As to the allegations in Paragraph 126 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies

them.  As to the allegations in Paragraph 126 that are directed at Hilton, Hilton denies the allegations.

127.   As to the allegations in Paragraph 127 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.  As to the allegations in Paragraph 127 that are directed at Hilton, Hilton denies the allegations.

128.   As to the allegations in Paragraph 128 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.  As to the allegations in Paragraph 128 that are directed at Hilton, Hilton denies the allegations.

**COUNT IV: NRS 41.1399 ("ACTION FOR HUMAN TRAFFICKING")**

129.   Hilton incorporates its prior paragraphs.  To the extent the heading of this Section contains factual allegations, Hilton denies them.

130.   The allegations in Paragraph 130 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

131.   As to the allegations in Paragraph 131 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.  As to the allegations in Paragraph 131 that are directed at Hilton, Hilton denies the allegations.

132.   As to the allegations in Paragraph 132 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.  As to the allegations in Paragraph 132 that are directed at Hilton, Hilton denies the allegations.

133. The allegations in Paragraph 133 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

134. The allegations in Paragraph 134 are directed at a different defendant, so Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them.

135. In response to Paragraph 135, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies the allegations.

### COUNT V: NEGLIGENCE OR PREMISES LIABILITY
### (Against the Hospitality Defendants, Only)

136. Hilton incorporates its prior paragraphs. To the extent the heading of this Section contains factual allegations, Hilton denies them.

137. As to the allegations in Paragraph 137 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 137 that are directed at Hilton, Hilton denies the allegations.

138. As to the allegations in Paragraph 138 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies them. As to the allegations in Paragraph 138 that are directed at Hilton, Hilton denies the allegations.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

139. Hilton incorporates its prior paragraphs. To the extent the heading of this Section contains factual allegations, Hilton denies them.

140. As to the allegations in Paragraph 140 that are directed at a different defendant, Hilton is without knowledge sufficient to admit or deny the allegations, and on that basis, denies

them. As to the allegations in Paragraph 140 that are directed at Hilton, Hilton denies the allegations.

**PRAYER FOR RELIEF**

In response to Plaintiff's prayer for relief, Hilton denies that Plaintiff is entitled to any relief.

**DEMAND FOR JURY TRIAL**

Hilton admits that Plaintiff demands trial by jury.

**AFFIRMATIVE DEFENSES**

141. Plaintiff's SAC fails to state a claim upon which relief can be granted.

142. There is not an actual or apparent agency relationship between Hilton and the hotel facility in question.

143. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of other parties not under the exercise or control of Hilton. Plaintiff's alleged injuries and damages were caused in whole or in part by the criminal acts of the Individual Defendants or third parties not a party to this litigation.

144. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were the fault of one or more independent acts or omissions, destroying any causal connection between any act or omission of Hilton (which are denied) and the alleged injury to Plaintiff.

145. The incidents in question and all damages complained of and claimed by Plaintiff, if any, were caused by the superseding and intervening acts of parties over whom Hilton had no right of control, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship, if any, between any act or omission of Hilton (which are denied) and the injury to Plaintiff.

146. The causes of action asserted in the SAC and any damages claimed are barred in whole or in part based on a failure to mitigate damages.

147. The causes of action asserted in the SAC and any damages claimed are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Hilton under principles of proportionate responsibility, comparative fault, and/or comparable legal doctrines.

148. The causes of action asserted in the SAC and any damages claimed are barred in whole or in part because, to the extent that any employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred.

149. The causes of action asserted in the SAC and any damages claimed are barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

150. The Plaintiff is not entitled to punitive or treble damages. Moreover, the SAC fails to establish that Hilton acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law. Hilton's actions with respect to Plaintiff were not extreme, outrageous, or conscience shocking. Further, Plaintiff's claims are barred, in whole or in part, because the SAC fails to establish that any officer, director, or managing agent of Hilton acted with malice, oppression, or fraud, or directed, or knew, or approved of an employee's malice, oppression, or fraud as required to justify punitive damages.

151. With respect to Plaintiff's claims for punitive damages, Hilton specifically incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

152. All claims are barred by the statute of limitations.

153. All claims are barred by estoppel, waiver, and/or laches.

154. The relief sought by Plaintiff is barred, in part or in whole, because Hilton did not know and should not have known about the sex trafficking of Plaintiff.

155. The relief sought by Plaintiff is barred, in part or in whole, because Hilton did not knowingly benefit from a sex-trafficking or any other venture of Plaintiff.

156. The relief sought by Plaintiff is barred, in part or in whole, because Hilton did not participate in a sex-trafficking or any other venture of Plaintiff.

157. The relief sought by Plaintiff is barred, in part or in whole, because Hilton cannot be held vicariously liable for the acts or omissions of N.W.H. Ltd. or SSJV Hospitality LLC.

158. Any injuries and/or damages alleged by Plaintiff were the result of an unforeseeable series of events over which Hilton had no control and for which Hilton cannot be held liable.

159. To the extent that Hilton is found liable, it reserves the right to seek indemnification from any party so liable as a matter of law or by contractual right. Nothing contained herein shall be construed as a waiver of that right.

160. At all times relevant herein, Hilton exercised reasonable care and acted in accordance with or exceeded all applicable municipal, city, state, and federal statutory, regulatory and common law requirements, regulations, and standards.

161. Hilton expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

***

WHEREFORE, Hilton prays that Plaintiff take nothing by virtue of the SAC and that this action be dismissed in its entirety; that Hilton recover costs of suit and attorneys' fees incurred; and for such other and further relief as the Court may deem just and proper.

DATED this 10th day of January, 2025.

Respectfully Submitted,

*/s/ Nicole M. Perry*
Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL  60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: bbiesenthal@jonesday.com
         amcqueen@jonesday.com

Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone: (702) 420-7000
Facsimile: (702) 420-7001
Email:  jbraster@nblawnv.com

Attorneys for Defendant
*Hilton Franchise Holding LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

*/s/ Nicole M. Perry*
Nicole M. Perry

*Attorney for Defendant Hilton Franchise Holding LLC*