MARCUS J. LEE, ESQ. (Nevada Bar No. 15769)
E: MLee@ohaganmeyer.com
WHIT SELERT, ESQ. (Nevada Bar No. 5492)
E: WSelert@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for SSJV Hospitality LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S.C, individually,<br><br>*Plaintiff*,<br><br>vs.<br><br>N.W.H. Ltd.; SSJV HOSPITALITY LLC; HILTON FRANCHISE HOLDING LLC; ERIC WASHINGTON; GREGORY STEPHENS; ALEXANDRA MARQUEZ SALCEDO; BRANDON MCCULLOUGH; ROE CORPORATIONS I-X; and JOHN DOES I-V.<br><br>*Defendants*. | Case No. 2:23-cv-02037-APG-DJA<br><br>**DEFENDANT SSJV HOSPITALITY, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** |

Defendant SSJV Hospitality, LLC, by and through its undersigned counsel, **O'HAGAN MEYER, PLLC**, answers Plaintiff's Second Amended Complaint as follows:

**INTRODUCTION**

1. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

2. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

3. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

4. Denied.

5. Denied.

6. Denied.

7. Answering Defendant admits that its staff was not blind, but denies the remaining allegations of paragraph 7.

8. Denied.

9. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

10. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

11. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**PARTIES**

12. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

13. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

14. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

15. This answering Defendant admits that it has owned and operated the Hampton Inn that is the subject of this complaint since that property was acquired from its predecessor in interest. This Answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. This answering Defendant admits for itself, only, that it employed front desk, security, housekeeping and other staff at the referenced property since it acquired ownership of that property. This answering Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph and demands strict proof thereof.

17. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

18. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

19. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

20. Denied.

21. The allegation of this paragraph does not require a response. To the extent the allegation purports to impute the liability of any one defendant to any other defendant by defining them under this label, that allegation is denied.

22. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

23. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

24. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

25. The allegation of this paragraph does not require a response. To the extent the allegation purports to impute the liability of any one defendant to any other defendant by defining them under this label, that allegation is denied.

**BACKGROUND**

<u>Sarah's Victimization by the Individual Defendants</u>

26. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

27. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

28. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

29. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

30. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

31. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

32. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

33. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

34. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

35. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

<u>Sarah's Victimization at the Hampton Inn</u>

36. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

37. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

38. Denied.

39. Denied.

40. Denied, together with each of its subparts.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

49. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

50. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the generalizations alleged in this paragraph and demands strict proof.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. The allegation is vague and ambiguous, based on Plaintiff's own opinion and speculation about generalized facts to which no response is required. To the extent any response is required, this Answering Defendant denies the allegations of paragraph 63. To the extent the allegation sets relies on the article referenced in the footnote, that article speaks for itself as to its meaning and content, although this Defendant reserves the right to disagree with or deny any assertions contained therein, including the reliance on such as evidence to support Plaintiff's

allegations.

63. Denied.

64. Denied.

Hilton's Control Over and Knowledge of its Franchisee's Conduct

65. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

66. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

67. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

68. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

69. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

70. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this

paragraph may be imputed to this Answering Defendant, those allegations are denied.

71. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

72. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

73. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

74. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

75. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

76. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

77. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as

set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

78. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

79. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

80. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

81. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

82. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

83. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph may be imputed to this Answering Defendant, those allegations are denied.

84. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph are directed at this Answering Defendant, this Answering Defendant admits general awareness that illicit sex trafficking is a problem in the United States, but denies the remaining allegations of this paragraph.

85. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph are directed at this Answering Defendant, this Answering Defendant admits general awareness that illicit sex trafficking is a problem in the United States, but denies the remaining allegations of this paragraph.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph directed at Defendant Hilton Franchise Holding LLC as set forth in the Second Amended Complaint. To the extent that any of the allegations in this paragraph are directed at this Answering Defendant, all allegations are denied.

92. The allegations of this paragraph are vague and ambiguous as to the nature of the referenced activities and reporting requirements and are denied as presently alleged.

93. Denied.

94. Denied.

95. The allegations of this paragraph are vague and ambiguous as to the nature of the referenced inspections and are denied as presently alleged.

96. Denied.

97. Denied.

98. Denied.

99. Denied

100. Denied.

101. This Answering Defendant is without knowledge sufficient to admit or deny the allegations of paragraph 102 and demands strict proof. To the extent the allegations of paragraph 102 imply any of the alleged conditions were caused by any wrongdoing of this Answering Defendant, those allegations are denied.

### COUNT I: 18 U.S.C. § 1595 ("TVPRA")

102. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

103. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, this Defendant is without knowledge or information sufficient to admit or deny this allegation except to the extent it implies this Answering Defendant was aware of or otherwise involved in Plaintiff's illicit activities, which allegation are denied.

104. This paragraph contains conclusions of law to which no response is required. Moreover, this Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as directed to the "Individual Defendants." To the extent that any of the allegations in this paragraph infer any wrongdoing by this Answering Defendant, those allegations are denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied

112. Denied

113. Denied

**COUNT II: 18 U.S.C. § 2255(A), CHILD ABUSE VICTIMS' RIGHTS ACT ("CAVRA")**

114. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

115. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, this answering defendant is without knowledge or information sufficient to admit or deny whether Plaintiff was a minor or "trafficked," but to the extent those allegations imply she was a minor trafficked by this Defendant, or that this Defendant otherwise engaged in wrongdoing, those allegations are denied.

116. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, this answering defendant is without knowledge or information sufficient to admit or deny whether Plaintiff was a "victim" but to the extent those allegations imply that this Defendant engaged in any wrongdoing, those allegations are denied.

117. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

118. This paragraph contains conclusions of law to which no response is required. Moreover, this Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as directed to the "Individual Defendants." To the extent that any of the allegations in this paragraph infer any wrongdoing by this Answering Defendant, those allegations are denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

### COUNT III: NRS 41.13965 ("PERSONAL INJURY")

124. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

125. Denied.

126. Denied.

127. This paragraph contains non-party specific generalizations and conclusions of law to which no response is required. To the extent a response is required, and the allegations may be deemed directed at this Defendant, those allegations are denied.

### COUNT IV: NRS 41.1399 ("ACTION FOR HUMAN TRAFFICKING")

128. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

129. This paragraph contains conclusions of law to which no response is required. Moreover, this Answering Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in this paragraph as directed to the "Individual Defendants." To the extent that any of the allegations in this paragraph infer any wrongdoing by this Answering Defendant, those allegations are denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

### COUNT V: NEGLIGENCE OR PREMISES LIABILITY
### (Against the Hospitality Defendants, Only)

135. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

136. Defendant objects that the allegation is vague and ambiguous as to the phrase "under the circumstances" and calls for a legal conclusion to which no response is required. To

the extent any response is required and/or the allegations can be interpreted to imply wrongdoing by this defendant, those allegations are denied.

137. Denied.

**COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

138. Defendant incorporates herein by this reference each and every of its foregoing responses as if set forth fully herein.

139. Denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, Answering Defendant denies liability and asks the Court to enter judgment in its favor on all claims and to award Answering Defendant its fees and costs together with such other equitable relief that the Court deems fair and just.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's alleged injuries and/or damages, if any, are due to the actions or omissions of other individuals, including those of Plaintiff, over which Answering Defendant has no control and to whom Answering Defendant is not legally responsible for.

2. On information and belief, Plaintiff has already settled and generally released her claims through a separate settlement agreement and release with the individual identified in this Complaint as Mohammed A.

3. The causes of action, if any, may be barred by the doctrine of failure of a condition precedent, payment, and/or release

4. Plaintiff's alleged injuries and/or damages, if any, are due to a naturally occurring disease process or ongoing medical condition for which Answering Defendant is not and may not be legally responsible.

5. Plaintiff's claims may be barred due to the Plaintiff's sole and/or comparative negligence pursuant to NRS § 41.141.

6. The Plaintiff's causes of action, if any, may be barred by the doctrine of assumption of the risk.

7. Plaintiff's damages are limited to the amount recoverable under NRS § 42.005.

8. Any acts or omissions which Plaintiff alleges on the part of Answering Defendant and/or their employees, agents, and/or servants are not a substantial or proximate cause or factor of the injuries/damages referred to and identified in Plaintiff's Second Amended Complaint.

9. Plaintiff has suffered no damages/injuries/losses, and in the alternative, if, in fact, Plaintiff has sustained any damages/injuries/losses, Plaintiff has failed to minimize, mitigate, or avoid any alleged losses or damages, or to take all reasonable steps to prevent further damages/injuries/losses, or to mitigate any damages/injuries/losses arising therefrom.

10. Plaintiff's claims against Answering Defendant fail in whole or in part because Plaintiff's alleged damages were not proximately caused by Answering Defendant's conduct.

11. The Plaintiff's alleged injuries and/or damages, if any, were caused or made worse by an intervening and/or superseding event that occurred before and/or after the alleged conduct described in the Second Amended Complaint, for which Answering Defendant is not legally responsible.

12. The Plaintiff's alleged injuries and/or damages, if any, are due to the actions or omissions of third parties for whom Answering Defendant is not legally responsible, whether named in the Second Amended Complaint or unnamed.

13. Plaintiff lacks capacity to sue.

14. The Plaintiff's injuries and/or damages, if any, are due to the actions or omissions of third parties who are not the agents of Answering Defendant.

15. The causes of action, if any, may be barred by the doctrines of collateral estoppel, waiver, and/or res judicata.

16. Plaintiff's claims are barred by the doctrine of unclean hands.

17. The causes of action, if any, may be barred by the doctrine of accord and satisfaction.

18. This Court lacks subject matter jurisdiction over Plaintiff's action.

19. Answering Defendant did not commit the wrongs alleged.

20. Plaintiff has failed to join an indispensable party.

21. Answering Defendant will rely upon all defenses lawfully available to them, including, but not limited to, those already asserted herein and those in Fed. R. Civ. Pro. 8.

22. As of this pleading, this Answering Defendant has been unable to identify and is otherwise uninformed regarding the true identity of the individual identified by Plaintiff as Mohammed A. and therefore reserves its right to assert additional affirmative defenses, cross claims and third party claims once that identity is learned.

23. Answering Defendant reserves the right to supplement this Answer with additional defenses during the litigation of this case.

**WHEREFORE**, Answering Defendant denies liability and asks the Court to enter judgment in their favor on all claims and award to Answering Defendant their fees and costs together with such other equitable relief that the Court deems fair and just.

Dated this 10th day of January 2025.

O'HAGAN MEYER PLLC

By  /s/ Marcus Lee
MARCUS J. LEE
Nevada Bar No. 15769
WHIT SELERT
Nevada Bar No. 5492
300 S. 4th Street, Sute 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for SSJV Hospitality, LLC*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 10th day of January, 2025, I electronically filed and served the foregoing **DEFENDANT SSJV HOSPITALITY, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES** with the Clerk of the Court through Case Management/Electronic Filing System and Electronic Mail as follows:

| | |
|---|---|
| **Bradley J. Myers**<br>THE702FIRM<br>400 South Seventh Street<br>4th Floor<br>Las Vegas, NV 89101<br>702-776-3333<br>Fax: 7025059787<br>Email: brad@the702firm.com | **Allison L. McQueen**<br>Jones Day<br>110 North Wacker Drive<br>Suite 4800<br>Chicago, IL 60606<br>312-269-1541<br>Email: amcqueen@jonesday.com |
| **Michael C. Kane**<br>THE702FIRM<br>400 S. 7th Street Suite 400<br>Las Vegas, NV 89101<br>702-776-3333<br>Fax: 702-505-9787<br>Email: mike@the702firm.com | **Bethany K. Biesenthal**<br>Jones Day<br>110 North Wacker Drive<br>Suite 4800<br>Chicago, IL 60606<br>312-269-4303<br>Email: bbiesenthal@jonesday.com |
| **Joel S Hengstler**<br>The 702 Firm<br>400 South Seventh Street #400<br>Las Vegas, NV 89101<br>702-776-3333<br>Fax: 702-505-9787<br>Email: joel@the702firm.com | **Jennifer L Braster**<br>Naylor & Braster<br>Suite 120<br>10100 W. Charleston Blvd.<br>Las Vegas, NV 89135<br>702-420-7000<br>Fax: 702-420-7001<br>Email: jbraster@naylorandbrasterlaw.com |
| **Geoffrey Parker**<br>Hilton Parker LLC<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, OH 43068<br>614-992-2277<br>Fax: 614-927-5980<br>Email: gparker@hiltonparker.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | **Nicole M. Perry**<br>Jones Day - Houston<br>717 Texas Ave<br>Suite 3300<br>Houston, TX 77002<br>832-239-3791<br>Email: nmperry@jonesday.com |

| | |
|---|---|
| **Jonathan Lawrence Hilton**<br>Hilton Parker LLC<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, OH 43068<br>614-992-2277<br>Fax: 614-927-5980<br>Email: jhilton@hiltonparker.com<br>*ATTORNEY TO BE NOTICED*<br><br>***Attorneys for Plaintiff*** | ***Attorneys for Hilton Franchise Holding LLC*** |
| **Alexandra B McLeod**<br>Wilson Elser<br>6689 Las Vegas Blvd. South, Suite 200<br>Las Vegas, NV 89119<br>702-727-1399<br>Email: alexandra.mcleod@wilsonelser.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>***Attorney for N.W.H. Ltd.*** | |

By   */s/ Krystle Platero*
       An employee of O'HAGAN MEYER PLLC