MICHAEL C. KANE, ESQ.
Nevada Bar No. 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No. 8857
JOEL S. HENGSTLER, ESQ.
Nevada Bar No. 11597
**THE702FIRM INJURY ATTORNEYS**
8335 West Flamingo Road
Las Vegas, Nevada 89147
Telephone:   (702) 776-3333
Facsimile:   (702) 505-9787
*E-Mail:*   service@the702firm.com

GEOFFREY C. PARKER, ESQ.
**HILTON PARKER LLC**
7658 Slate Ridge Boulevard
Reynoldsburg, Ohio 43068
Telephone:   (614) 992-2277
Facsimile:   (614) 927-5980
*E-Mail:*   gparker@hiltonparker.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SARAH C., pseudonymously, | Case No.: 2:23-cv-2037-APG-DJA |
| Plaintiff, | Judge Andrew P. Gordon |
| vs. | Mag. Judge Daniel J. Albregts |
| HILTON FRANCHISE HOLDING LLC, et al., | **MOTION FOR ENTRY OF A PROTECTIVE ORDER AND FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |
| Defendants. | |

### MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Sarah C. ("Plaintiff" or "Sarah") moves this Court under Fed. R. Civ. P. 26(c) to enter the attached [Proposed] Protective Order, which governs the disclosure of her true identity and identifying information ("True Identity"), as well as that of the person called "Mohammad A." in the Amended Complaint. (ECF No. 36.)

Sarah's counsel has discussed the terms of the proposed protective order with Defendants' counsel. There are two areas of disagreement between Plaintiff and Defendants. First, Plaintiff wants to have 30 days' notice before Defendants reveal her own true identity to her traffickers. Second, because Plaintiff has already agreed to a confidential settlement with Mohammad A.—a "john" who abused her—she wants the protective order to prohibit Defendants from using Mohammad A.'s true identity for purposes unrelated to this lawsuit.

1

## I. INTRODUCTION

This case involves claims by Plaintiff Sarah C., a victim of human trafficking, against Defendants SSJV LLC and NWH Ltd.—who owned and operated the hotel where she was exploited—and against Defendant Hilton Franchise Holding LLC, who franchised the hotel and was a joint employer of its staff.

Due to the sensitive and private nature of the issues involved, Plaintiff intends to pursue this case under a pseudonym. The Proposed Protective Order is justified by Rule 26(c) of the Federal Rules of Civil Procedure and is necessary to protect Plaintiff's true identity while permitting Defendants to begin investigating Plaintiff's claims and their own Defenses during the stipulated Stay of Discovery. *See* (ECF No. 95).

Plaintiff wants 30 days' notice so that she can protect herself before Defendants reveal her true identity to her traffickers. Defendants won't agree to this. A mere notice requirement, however, is less "restrictive than other TVPRA cases wherein courts have required affirmative court action before the traffickers are contacted." *A.M.G. v. Red Roof Inns, Inc.*, No. 2:23-cv-4195, 2024 U.S. Dist. LEXIS 191721, at *8 (S.D. Ohio Oct. 22, 2024) (collecting cases).

In this case, Plaintiff has alleged that one of her traffickers beat her "so badly that she required reconstructive surgery," triggering a police investigation. (Doc. 36 at ¶ 9.) She deserves notice before anyone gives her identity away to her traffickers so that she can take additional steps to protect herself, her whereabouts, and her home. This suffices for good cause under Rule 26. *A.M.G.*, 2024 U.S. Dist. LEXIS 191721 at *8. It doesn't matter that Plaintiff's traffickers are also Defendants here—she needs some control over when they learn her identity.

Lastly, the proposed Protective Order also seeks to protect the true identity of a Mohammad A.—a non-party individual with whom Plaintiff entered into a confidential settlement agreement. Defendants now seek production of this settlement agreement. Plaintiff now moves for a protective order limiting disclosure of the agreement to "Attorney's Eyes Only" and maintaining the confidentiality of Mohammad A.'s true identity.

//

//

## II.   BACKGROUND

Plaintiff Sarah C. is a victim of sex trafficking within the meaning of the TVPRA. *See* (First Am. Compl, Doc. 36.) She was trafficked when she was just 16 years old. From mid-2019 to late-2020, Sarah was coerced into having commercial sex in hotel rooms almost daily.

According to the First Amended Complaint, "Mohammad A." was a "john" (a customer) who paid to have sex with Sarah twice a week at the Hampton Inn. In 2023, Sarah entered into a settlement agreement with him. The agreement contained a confidentiality provision, which mandates that Sarah use pseudonyms in the filing of any litigation when referring to Mohammad. Breaching this confidentiality provision could render Sarah liable for consequential damages and would entitle Mohammad A. to injunctive relief.

At this time, Sarah has not received justice for her trafficking and all those responsible have not been held accountable. When she signed the agreement, Sarah was not aware that she could also pursue civil remedies under section 1595 of the TVPRA. This case involves the liability of businesses that profited from the Plaintiff's sexual exploitation (not the role of her alleged trafficker Mohammad A).

So, the proposed Order will allow Sarah to bring action against Defendant hotels—who watched an underage Sarah meet clients on a weekly basis and who failed to intervene in her trafficking—without risking a violation of her settlement agreement. The proposed Order specifies the conditions under which the True Identity of Plaintiff and Mohammad A. may be used, exchanged, and protected in this litigation.

## III.   PROCEDURAL HISTORY.

Plaintiff filed suit on November 13, 2023 in the 8th Judicial District Court, Clark County, Nevada. (Doc. 1.) The case was removed to this Court on December 8, 2023. (Doc. 1.) Discovery was stayed pending resolution of Defendants' motions to dismiss on May 6, 2024. (Docs. 51 & 52.)

On November 12, 2024, the Court partially denied the motions to dismiss filed by Defendants Hilton Franchise Holding LLC, N.W.H. Ltd., and SSJV Hospitality LLC (collectively the "Hotel Defendants"). (Doc. 66.)

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

On November 15, 2024, Plaintiff sent counsel for the Hotel Defendants a proposed draft of a Stipulated Protective Order in substantially the same form as the Proposed Protective Order attached as Exhibit 2.  (Parker Dec., "Ex. 1.")  On December 2, 2024, counsel for Defendant Hilton responded by apologizing for the delay and saying that they would follow up once they spoke with their co-Defendants. (*Id.*); (Email Chain #1, "Ex. 3.")

On December 6, 2024, counsel for Hilton emailed again to say that they were "coordinating a call next week with our co-defendants to discuss our minor edits to the Protective Order."  (*Id.*)  On January 17, 2025, counsel for the parties participated in a Rule 26(f) conference at which they agreed to a stipulated discovery plan.  (Doc. 78.)  In the lead-up to that conference, on or about January 6, 2025, counsel for Hilton informed Plaintiff's counsel that they would not consent to significant portions of Plaintiff's proposed Stipulated Protective Order.  (Ex. 1.)

On February 4, 2025, to aid in narrowing the issues to be presented in the instant motion, counsel for Hilton circulated a version of Plaintiff's proposed Stipulated Protective Order that was acceptable to Defendants Hilton and SSJV, but that had not been approved by NWH.  (Email Chain #2, "Ex. 4."); (Redline, "Ex. 5").  NWH has to date not commented on this draft.

## IV. LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 26(c)(1), any "party or any person from whom discovery is sought may move for a protective order," and the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This litigation involves the disclosure of information that is both traumatic and stigmatizing, including sexual abuse and underage prostitution.

### A. Plaintiff Should Be Allowed to Proceed Under a Pseudonym.

Plaintiff has a reasonable fear of stigma—especially from employers and the community—should her true identity be revealed in the public record. For this reason, substantially identical Stipulated Protective Orders have been agreed in thirty similar cases in recent months. *See In re Hotel TVPRA Litig.*, C.A. No. 2:21-cv-4933 (S.D. Ohio Mar. 4, 2024), ECF No. 140.

Having been sexually abused as a minor is something most people who've undergone it reasonably want to keep private.  Courts have "repeatedly found that child sexual abuse is a matter

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

of a 'highly sensitive and personal nature' such that it may justify proceeding under pseudonym." *Doe v. Tulsa Cty.*, No. 24-CV-00380-SEH, 2024 U.S. Dist. LEXIS 182503, at *17-18 (N.D. Okla. Oct. 7, 2024) (collecting cases). This justifies keeping Plaintiff's identity anonymous.

> B. **Plaintiff Should Have Notice Before Defendants Reveal Her Identity to Her Traffickers.**

Next, Plaintiff asks that the protective order include a 30-day notice provision, requiring Defendants to put her on notice before they reveal her true identity to her traffickers. This will enable Plaintiff to protect herself—but Defendants won't agree to this.

A mere notice requirement, however, is less "restrictive than other TVPRA cases wherein courts have required affirmative court action before the traffickers are contacted." *A.M.G. v. Red Roof Inns, Inc.*, No. 2:23-cv-4195, 2024 U.S. Dist. LEXIS 191721, at *8 (S.D. Ohio Oct. 22, 2024) (collecting cases). Plaintiff has proposed that Defendants be allowed to reveal her identity to her traffickers and their known affiliates under the following conditions:

> "only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that before contacting a trafficker or affiliate, Defendants shall provide Plaintiff 30 days' written notice by email to her counsel, stating the names of the individuals to be contacted. Defendants agree that they will under no circumstances reveal to a trafficker or affiliate the Plaintiff's whereabouts or contact information, or the whereabouts or contact information of Plaintiff's family members."

(Ex. 2.)

These protections are fully justified. In this case, Plaintiff has alleged that one of her traffickers beat her "so badly that she required reconstructive surgery," triggering a police investigation. (Doc. 36 at ¶ 9.) To maintain their control, Sarah's traffickers beat her, plied her with illegal drugs, and manipulated her emotionally in ways that played on and exacerbated her anorexia. (*Id.* at ¶ 51.) Although Sarah had been in good health at the beginning, by the end she weighed just 90lbs, and she struggled even to walk. (*Id.* at ¶ 52.)

Sarah deserves notice before anyone gives her identity away to her traffickers so that she can take additional steps to protect herself, her whereabouts, and her home. This suffices for good cause under Rule 26. *A.M.G.*, 2024 U.S. Dist. LEXIS 191721 at *8.

It doesn't matter that Plaintiff's traffickers are also Defendants here—she needs some control over when they learn her identity. To date, Plaintiff's traffickers—despite being defendants in the case—have not asked her counsel for her true identity. If they did so, Plaintiff would provide it—but only after she had taken steps to ensure her safety. The other Defendants should not be free to put Plaintiff's safety in danger by sharing her identity without warning her first. The notice requirement isn't burdensome, and the Court should include it in the protective order. *A.M.G.*, 2024 U.S. Dist. LEXIS 191721 at *8.

C. The Protective Order Should Limit Disclosure of Mohammad A.'s Identity So That Plaintiff Can Honor Her Previous Settlement Agreement.

Plaintiff entered into a confidential settlement agreement with third party Mohammad A. Even in sex abuse cases, confidentiality provisions in settlement agreements "merit respect." *Nieves v. Carmel Clay Schs.*, No. 1:20-cv-00320-JMS-DML, 2020 U.S. Dist. LEXIS 260381, at *8 (S.D. Ind. Oct. 21, 2020). Courts have a policy of "favoring parties' efforts to settle," so when an alleged perpetrator is to remain confidential under a "bargained-for and material confidentiality provision," a protective order is warranted. *Id.* at *4.

When evaluating request to protect settlement agreements, courts consider whether "confidentiality is [the] primary inducement to reach settlement" and require a "strong countervailing interest to breach that confidentiality." *Bear Down Brands, LLC v. Bora Servs.*, 2023 U.S. Dist. LEXIS 220509, at *3-4 (C.D. Cal. Nov. 1, 2023). Without such protections, settlement would likely have been impossible to achieve. This supports maintaining strict confidentiality through and "Attorney's Eyes Only" designation.

In *Nieves*, a swim coach had been sexually grooming schoolgirls—and some other men were allegedly involved, too. 2020 U.S. Dist. LEXIS 260381, at *8. One of the girls brought suit against the school, and the school sought in discovery the girl's settlement agreement with one of the anonymous men. *Id.* at *1. The Court acknowledged that the girl did need to produce her settlement agreement to the school. *Id.* at *4. But because of the strong policy of favoring settlement, it first entered a protective order that the name of the man who settled would "be produced with a limitation to attorneys' eyes only," and the contents of the settlement agreements

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

would not be "disclosed on the public docket." *Id.* at *8.

The same approach is warranted here. Mohammad A. surely wouldn't have settled with Plaintiff unless he received some protection in the for of bargained-for confidentiality. Plaintiff is seeking to have Mohammad A.'s identity be kept off the public docket, and for it to be kept "Attorneys Eyes Only." To promote the judicial policy of favoring settlement, this Court should enter an order similar to the one in *Nieves*.

## V. CONCLUSION

WHEREFORE, the Plaintiff requests that the Court approve and enter the proposed Protective Order:

1. Protecting the true identity of Plaintiff Sarah C., and allowing her to proceed under a pseudonym;
2. Limiting disclosure of the settlement agreement to "Attorneys' Eyes Only";
3. Maintaining the confidentiality of Mohammad A.'s true identity; and
4. Allowing Plaintiff Sarah C. to have 30 days' notice if Defendants disclose her true identity to her traffickers.

Dated: February 7, 2025

/s/ Jonathan Hilton

Jonathan Hilton, Esq.
HILTON PARKER LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker@hiltonparker.com
*Attorney for Plaintiff*