# EXHIBIT 5

Defendants' Redline of Plaintiff's proposed Stipulated Protective Order

|    |    |    |
|----|----|----|
| 1  | MICHAEL C. KANE, ESQ. | |
|    | Nevada Bar No. 10096 | |
| 2  | BRADLEY J. MYERS, ESQ. | |
|    | Nevada Bar No. 8857 | |
| 3  | JOEL S. HENGSTLER, ESQ. | |
|    | Nevada Bar No. 11597 | |
| 4  | **THE702FIRM INJURY ATTORNEYS** | |
|    | 8335 West Flamingo Road | |
| 5  | Las Vegas, Nevada 89147 | |
|    | Telephone:   (702) 776-3333 | |
| 6  | Facsimile:    (702) 505-9787 | |
|    | ***E-Mail:***   service@the702firm.com | |
| 7  | | |
| 8  | GEOFFREY C. PARKER, ESQ. | |
|    | (*Pro Hac Vice*) | |
| 9  | **HILTON PARKER LLC** | |
|    | 7658 Slate Ridge Boulevard | |
| 10 | Reynoldsburg, Ohio 43068 | |
|    | Telephone:   (614) 992-2277 | |
|    | Facsimile:    (614) 927-5980 | |
| 11 | ***E-Mail:***   gparker@hiltonparker.com | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| 13 | SARAH C., pseudonymously, | Case No. : 2:23-cv-2037-APG-DJA |
| 14 | Plaintiff, | Judge Andrew P. Gordon |
|    | vs. | Mag. Judge Daniel J. Albregts |
| 15 | | |
| 16 | HILTON FRANCHISE HOLDING LLC, et al., | **PROTECTIVE ORDER RE PLAINTIFF'S IDENTITY AND IDENTITY OF "MOHAMMAD A"** |
| 17 | Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Stipulated Protective Order in this matter.

1. Counsel for Plaintiff shall provide to the respective counsel for the Defendants the true identity and identifying information ("True Identity") of both Plaintiff, her alleged traffickers, and the person designated in the Amended Complaint (ECF No. 36) as "Mohammad A." upon the entry of this Stipulated Protective Order by the Court. As used herein, True Identity includes, but is not limited to:

   a) Name and any alias names used at any time;

   b) Date of birth;

   c) Social Security Number; and

d) Current address and any prior addresses from 2010 to present.

The Parties may ~~also~~ designate as "True Identity" any documents, testimony, written responses, or other materials produced in this case if the producing Party has a good faith basis for asserting that they contain information, data, or tangible items that reflect ~~either~~ Plaintiff's ~~or Mohammad A.'s~~ True Identity, including identifying physical attributes such as biometric data or photographs showing unique physical attributes of Plaintiff ~~or Mohammad A.~~, her~~their~~ voice~~s~~, physical addresses of residences or workplaces, or other personal ~~private~~ identification information which by a reasonable probability could be used to identify or locate ~~either~~ Plaintiff ~~or Mohammad A~~.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to her~~the~~ True Identity ~~of either Plaintiff or Mohammad A.~~, such as, but not limited to, any medical, educational, financial, employment, or other information. Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings. ~~The Parties further stipulate that the identify of "Mohammad A." will not be publicly disclosed throughout the pre-trial course of proceedings.~~ The Parties exclusively will reference the Plaintiff through the pseudonym "Chloe C." or as "Plaintiff" in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings. ~~Similarly, the Parties will exclusively reference Mohammad A. as "Mohammad A." in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings.~~

2. Parties shall clearly mark any materials or information that contain ~~either~~ Plaintiff's ~~or Mohammad A.'s~~ True Identity with the term "~~CONFIDENTIAL~~ TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's ~~or Mohammad A.'s~~ True Identity.

3. The Parties may disclose Plaintiff's ~~and/or Mohammad A.'s~~ True Identity to the following:

a) The Parties to this litigation, including any employees, agents, and representatives of the Parties, as needed to litigate any claims or defenses. ~~Before disclosure of Mohammad A.'s True Identity to any employee of a Party located in or based in Clark County, Nevada, such employee must sign the acknowledgement and agreement to be bound~~;

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

c) The Court and ~~court~~ personnel under provisional seal and accompanied with a Motion to Seal;

d) ~~members of the jury;~~

> **Commented [1]:** Inapplicable since this protective order only applies to pre-trial proceedings.

~~e)~~d) Court reporters, recorders, and videographers engaged for depositions. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

~~f)~~e) Any mediator appointed by the Court or jointly selected by the Parties, provided that the Mediator signs the acknowledgment and agreement to be bound;

~~g)~~f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, except that Plaintiff's ~~or Mohammad A.'s~~ True Identity may be disclosed to them only to the extent that such True Identity will assist the individual(s) in the scope of their work with counsel in connection with this case and said expert/consultant/investigator has signed the acknowledgment and agreement to be bound;

~~h)~~g) Any custodian of records, but only to the extent that Plaintiff's ~~or Mohammad A.'s~~ True Identity will assist the custodian in obtaining and producing records~~;~~. ~~Additionally, the Parties shall not disclose Mohammad A.'s True Identity to any custodian of records based in or located in Clark County, Nevada if the records sought may be obtained without significant hardship from a custodian of records located elsewhere.~~

~~i)~~h) Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with this litigation. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

~~j)~~i) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's ~~or Mohammad A.'s~~ True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

~~k)~~j) Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case. Before any disclosure to such a person, <u>a representative to bind the insurer or indemnitor</u> ~~the person~~ must sign the acknowledgement and agreement to be bound; <u>and</u>

~~l) Any potential, anticipated, or actual fact witness, and their counsel, but only to the extent Plaintiff's~~ ~~or Mohammad A.'s~~ ~~True Identity will assist the witness in recalling, relating or explaining facts, except that,:~~

~~i. w~~With the exception of Defendant Gregory Stephens, Plaintiff's True Identity must not be disclosed to Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in paragraph (l) below; and~~

> **Formatted:** Numbered + Level: 1 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.5"

> **Commented [2]:** Defendants need a concrete list of "known affiliates" if this language is to be included in the PO.

~~j. Mohammad A.'s True Identity must not be disclosed to Mohammad A.'s known employer(s), prospective employer(s), co-worker(s), colleague(s), customer(s), client(s), buyer(s), patient(s), professional association(s), or family members unless the Parties follow the procedures in paragraph (m) below;~~

~~m)~~k) Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s) and their

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

1  ~~counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling,~~
2  ~~relating or explaining facts; provided, however, that before contacting a trafficker or~~
   ~~affiliate, Defendants shall provide Plaintiff 30 days' written notice by email to her counsel,~~
3  ~~stating the names of the individuals to be contacted. Defendants agree that they will under~~
   ~~no circumstances reveal to a trafficker or affiliate the Plaintiff's whereabouts or contact~~
4  ~~information, or the whereabouts or contact information of Plaintiff's family members.~~
   ~~This subsection does not extend to Defendant Gregory Stephens.~~

> **Commented [3]:** Plaintiff's traffickers are identified in the Amended Complaint and have a right to her identity information. Likewise, Mohammed A. has her identity in connection with the settlement agreement, so no special trafficker protections are appropriate here.

5  ~~n) Mohammad A.'s known employer(s), prospective employer(s), co-worker(s), colleague(s),~~
6  ~~customer(s), client(s), buyer(s), patient(s), professional association(s), or family members,~~
   ~~but only to the extent Mohammad A.'s True Identity will assist the witness in recalling,~~
7  ~~relating or explaining facts; provided, however, that disclosure of Mohammad A.'s True~~
   ~~Identity information is permitted only if the Party requests and obtains a Court order before~~
8  ~~making any disclosure. The moving Party must file a motion describing the circumstances~~
   ~~to the Court. The motion shall not include any information revealing Mohammad A.'s True~~
9  ~~Identity and shall list only the reasons why Defendants believe it is necessary to reveal~~
   ~~Mohammad A.'s True Identity to the proposed recipient. Before filing a contested motion,~~
10 ~~the parties must first meet and confer, and if they reach agreement, they may submit a~~
   ~~stipulated motion to the Court requesting such an order.~~

11     The Parties are prohibited from disclosing Plaintiff's ~~or Mohammad A.'s~~ True Identity to
12 any person or entity other than those listed in this Stipulated Protective Order. If the Parties believe
13 they have good cause to make a disclosure that is not authorized under the terms of this Stipulated
14 Protective Order, they may bring a motion to the Court for an order allowing disclosure.
15     4.   The Court highly discourages the manual filing of any pleadings or documents under seal.
16 Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal.
17 This means that documents may not be filed with the Court under seal without prior permission as
18 to each such filing, upon motion and for good cause shown, including the legal basis for filing
19 under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Thus, the
20 Parties may seek the Court's permission to file documents that are necessarily unredacted under
21 seal in accordance with this process.
22     5.   All Parties and any third parties appearing or submitting filings in this case are required to
23 redact the True Identity and any identifying information (for example, full name, social security
24 number, date of birth, address, medical records number) of Plaintiff ~~and Mohammad A.~~ in their
25 filings with the Court.
26     6.   To the extent any Party or non-party has questions or concerns about whether any
27 forthcoming filing complies with the requirements of this Order, such Party or non-party should
28 seek leave of Court prior to submitting any such filing.

7. ~~The failure to identify Plaintiff and Mohammad A. in the Complaint need not be addressed on the pleadings stage motions.~~

> **Commented [4]:** Defendants do not understand what this means.

~~8.~~7.    The Parties agree that Plaintiff's medical records and medical billing will be identified and treated as confidential material and will be marked clearly with "~~Confidential~~ True Identity".

~~9.    The Parties agree that Mohammad A.'s hotel and travel site account records, medical records, and business records will be identified and treated as confidential material and will be marked clearly with "Confidential – True Identity".~~

8.    The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

~~10.~~9.    The Parties will further submit a stipulated protective order governing the confidentiality of documents to be exchanged in discovery in this case ~~in a time frame consistent with any scheduling order entered by the Court.~~

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Sarah C. v. Hilton Franchise Holding LLC et al.*, 2:23-cv-2037-APG-DJA.

    I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**Commented [5]:** Note: Before finalizing the draft, we will need to fix the formatting throughout (so everything lines up beginning on p. 2).

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333