Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
10100 W. Charleston Blvd., Suite 120
Las Vegas, NV 89135
Telephone:  (702) 420-7000
Email:  jbraster@nblawnv.com

Nicole M. Perry, *Pro Hac Vice*
JONES DAY
717 Texas Street, Suite 3300
Houston, TX 77002
Telephone:  (832) 239-3939
Facsimile:  (832) 239-3600
Email:  nmperry@jonesday.com

Bethany K. Biesenthal, *Pro Hac Vice*
Allison L. McQueen, *Pro Hac Vice*
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email:  bbiesenthal@jonesday.com
         amcqueen@jonesday.com

Attorneys for Defendant
*Hilton Franchise Holding LLC*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| **JANE DOE (S.C.), a pseudonym,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**HILTON FRANCHISE HOLDING LLC,** *et al.*,<br><br>    **Defendants.** | **Case No. 2:23-cv-02037-APG-DJA**<br><br>**DEFENDANTS HILTON FRANCHISE HOLDING LLC, N.W.H. LTD., AND SSJV HOSPITALITY LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR LEAVE TO PROCEED UNDER PSEUDONYM** |

1    Defendants Hilton Franchise Holding LLC ("Hilton"), N.W.H. Ltd. ("N.W.H."), and SSJV

2    Hospitality LLC ("SSJV"), (together, "Defendants"), respectfully submit this Response to

3    Plaintiff's Motion for Entry of a Protective Order and For Leave to Proceed Under Pseudonym

4    ("Plaintiff's Motion"). ECF No. 81.[1]  Defendants oppose entry of Plaintiff's requested version of

5    the Protective Order and request that the Court instead enter Defendants' proposed Protective

6    Order, which strikes the proper balance between protecting Plaintiff's safety, the public's interests,

7    and Defendants' ability to prepare their defense. Defendants' proposal is attached as **Exhibit A**,

8    and a redline showing the differences between Defendants' proposed Protective Order and

9    Plaintiff's proposal is attached as **Exhibit B**.

10    **INTRODUCTION**

11    Given the sensitive nature of Plaintiff's allegations, Defendants do not oppose Plaintiff's

12    request to proceed under a pseudonym in pre-trial filings.[2]  As set forth in Plaintiff's Motion, the

13    parties dispute two key issues with respect to Plaintiff's proposed Protective Order. First, Plaintiff

14    has requested thirty days' written notice before a Defendant contacts her traffickers or their

15    affiliates, despite naming all but one of those traffickers as co-defendants in this case. Second,

16    Plaintiff seeks to extend confidentiality protections to Mohammad A., an individual she has

17    identified as one of her traffickers, due to a prior, separate settlement agreement with him.

18    Defendants reject both of Plaintiff's positions.

19    Defendants acknowledge the importance of a protective order in a case of this nature.

20    Defendants' acknowledgement is evident in its agreement to many of Plaintiff's proposed

21    confidentiality provisions, including their agreement that, in certain scenarios, they will ensure

22    witnesses sign an Agreement to be Bound by the Protective Order before Plaintiff's identity is

23    disclosed. Contrary to Plaintiff's assertion that her proposed Protective Order is necessary so she

---

24
25    [1] Defendants will file a separate response to Mohammad A.'s separate motion for a protective order if the Court grants him leave to intervene and dockets his proposed motion. *See* ECF No. 83.

26
27    [2] However, if Plaintiff desires to maintain pseudonymity *beyond* pre-trial public filings and her case survives summary judgment, then she would need to justify such relief. *See, e.g.*, *Doe v. Rose*, 2016 WL 9150620, at *2–3 (C.D. Cal. Sept. 22, 2016) (noting the very different considerations at play between "pretrial proceedings" and "trial" and denying further leave to proceed under a pseudonym).

28

can "take additional steps to protect . . . her whereabouts, and her home," Plaintiff's Motion at 5, Defendants have no intention of disclosing Plaintiff's whereabouts to *any* witness, including her traffickers—and, as drafted, Defendants' proposed Protective Order would prohibit Defendants from doing so. *See* Exhibit A. But of course, the protection of Plaintiff's identity cannot deprive Defendants of their due process right to "'an opportunity to present every available defense,'" and Plaintiff's proposed Protective Order goes too far. *See Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 1514435, at *4 (E.D. Cal. May 28, 2009) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

Defendants' commitment to offering protections for Plaintiff, moreover, cannot extend to Plaintiff's unwarranted attempt to conceal Mohammad A.'s identity, *see In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011), or to an unjustified Attorneys' Eyes Only restriction that would also vitiate Defendants' ability to investigate, conduct discovery, and mount a full defense in this case. *See Sanchez*, 2009 WL 1514435, at *4.

## LEGAL STANDARD

This Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "If a court finds particularized harm will result from disclosure of information, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Any protective order that is issued must be narrowly tailored and cannot be overbroad." *In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 133 (S.D. Cal. 2016).

Apart from the Federal Rules, the Constitution protects a defendant's due process right to have "an opportunity to present every available defense." *Sanchez*, 2009 WL 1514435, at *4 (quoting *Lindsey*, 405 U.S. at 66). Protective orders that materially limit a civil defendant's ability to question witnesses and conduct discovery are unfairly prejudicial and violate due process. *See*

1    *Carrillo v. Colombi-Monguio*, 862 F.2d 318, at *2 (9th Cir. 1988) (table) ("Denial of discovery

2    which deprives one of the right to present a full defense may violate due process.").

3                                            **ARGUMENT**

4            The Court should decline to enter Plaintiff's proposed Protective Order and instead enter

5    Defendants' proposal, which grants Plaintiff strong protections for her identifying information

6    without providing confidentiality protections to one of her traffickers or restricting Defendants'

7    right to fully and efficiently investigate Plaintiff's serious allegations.

8    **I.       Contact with Plaintiff's Traffickers**

9            Plaintiff's proposed Protective Order requires Defendants to provide thirty days' written

10   notice to Plaintiff before contacting her traffickers or their affiliates—a provision Plaintiff claims

11   is necessary "[t]o ensure her safety."  Plaintiff's Motion at 6.  But it is unclear from Plaintiff's

12   Motion how the thirty-day notice requirement would provide Plaintiff greater safety protections,

13   particularly given that she has publicly named all but Mohammad A. (whom she knows) as

14   Defendants in this case.  *See infra* Part II.  Nor has Plaintiff demonstrated that such notice—which

15   would hinder Defendants' ability to conduct discovery efficiently—is necessary to prevent a

16   particularized harm.  Under Plaintiff's own proposed Protective Order, her traffickers would be

17   entitled to receive her identity, and they have already been served with the Complaint containing

18   identifying details relevant to her allegations.[3]  Indeed, at least one federal district court has held

19   that where a plaintiff "name[s] her traffickers as [d]efendants on the public docket," no additional

20   notice requirements should apply.  *See S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 4167677, at *4

21   (M.D. Fla. Sept. 14, 2021).

22           Plaintiff offers no substantive argument—beyond the conclusory assertion that "it doesn't

23   matter that Plaintiff's traffickers are also [d]efendants here"—to justify a thirty-day notice

24   provision when her traffickers are named defendants.  *Id.* at 6.  Notably, none of the authorities

25   Plaintiff cites address a scenario in which a plaintiff, having named her traffickers as defendants,

26   nonetheless sought to impose a notice requirement for defendants' disclosure of her identity to the

27

28           [3] Plaintiff has acknowledged that her traffickers, as Defendants in this case, are entitled to
     receive her true identity and that she would provide her identity to them upon request.  Plaintiff's
     Motion at 6.

                                                    3

1    traffickers.  *Id.* at 5 (citing *A.M.G. v. Red Roof Inns, Inc.*, 2024 U.S. Dist. LEXIS 191721, at *8

2    (S.D. Ohio Oct. 22, 2024) (collecting cases)).  To the extent that Plaintiff has genuine concerns

3    about her traffickers becoming aware of her identity through this litigation, she has already

4    disclosed (or will disclose) her identity to them because she has named them as defendants.  *See*

5    *S.Y.*, 2021 WL 4167677, at *4; *supra* n.3.  Plaintiff's decision to name them should not prejudice

6    Defendants' use of her identity in defending these claims.

7         Indeed, Plaintiff's counsel has been aware throughout the negotiation of the Protective

8    Order (and, arguably, since before this lawsuit was filed) that, if the case proceeds to fact discovery,

9    Defendants intend to speak with Plaintiff's traffickers.  All but one of the traffickers with whom

10   Defendants purportedly entered into a "venture" are defendants and central witnesses in this case.

11   Defendants must understand the circumstances under which, from the traffickers' perspective,

12   Plaintiff was forced to engage in commercial sex acts at the Hampton Inn in Las Vegas, Nevada.

13   Defendants' ability to investigate the purported venture with her traffickers is fundamental to both

14   its defense and this lawsuit as a whole—and Plaintiff is on notice *today* that Defendants intends to

15   contact them.  If Plaintiff truly believes that it might be necessary to take steps "to protect herself"

16   against her traffickers, Plaintiff's Motion at 5, then there is no reason for her to wait until thirty

17   days before the contact to act—she can put those protections in place now.

18        Moreover, Plaintiff's proposal also invades Defendants' work product and due process

19   rights without justification because it would grant Plaintiff direct insight into Defendants' litigation

20   activities and protected work product.  *See V.G. v. G6 Hospitality*, 2021 WL 6776250, *6

21   (N.D.N.Y. July 12, 2021) ("The Court agrees with defendant that plaintiff's request for advanced

22   notice before defendant contacts fact witnesses to whom defendants may reveal plaintiff's identity

23   seeks protected attorney work product." (citing *J.C. v. Choice Hotels Int'l, Inc.*, 2021 WL 1146406,

24   at *5 (N.D. Cal. Mar. 4, 2021))); *see also A.D. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL

25   8639346, at *3 (E.D. Va. Sept. 21, 2020) (implementing *ex parte* procedures for disclosing

26   plaintiff's identity to avoid "impermissibly infringing on Defendant's privileged work product and

27   avoid the possible disclosure of Defendant's pre-trial strategy to Plaintiff").  The practical result of

28   such a requirement would be to deprive Defendants of a full and fair opportunity to investigate one

1  of (if not the) central issues in this lawsuit in violation of their due process rights.  *See, e.g.*, *La*

2  *Asociación de Trabajadores de Lake Forest v. City of Lake Forest*, 2008 WL 11411715, at *5 (C.D.

3  Cal. Feb. 28, 2008) (denying protective order because it limited defendant's investigation of

4  witnesses, explaining that "[d]ue process requires [that] the defendants be given a full and fair

5  opportunity to defend themselves against Plaintiffs' accusations").

6      In short, Plaintiff has failed to show "good cause" for a thirty-day notice requirement, and

7  such a requirement would also unduly invade Defendants' work product and due process rights.

8          **II.    Confidentiality Protections for Mohammad A.**

9      Plaintiff's proposed Protective Order requires Defendants to not only take significant steps

10  to safeguard her identity, but also afford those same confidentiality protections to "Mohammad

11  A.," an individual Plaintiff has identified as one of her traffickers.[4]  In other words, Plaintiff's

12  position is that she gets a pseudonym, her trafficker gets a pseudonym, and of course the hospitality

13  Defendants do not.  Plaintiff erroneously asserts that Mohammad A. is entitled to "some protection"

14  based solely on a separate, third-party settlement agreement containing "bargained-for

15  confidentiality."  Plaintiff's Motion at 6.  Defendants have not been provided with a copy of the

16  agreement or even its confidentiality provision.  And yet Plaintiff asks this Court to enforce this

17  secret provision through a protective order with an Attorneys' Eyes Only designation.  The effect

18  of this would be to allow her alleged trafficker to be entitled to the same pseudonym protections in

19  this case as Plaintiff—protections to which alleged traffickers are not entitled under the law.

20      To begin, the Ninth Circuit has already held that an alleged child sex abuser's identity

21  should not be sealed under a protective order.  In *In re Roman Catholic Archbishop of Portland*,

22  discovery documents in a bankruptcy proceeding "contained allegations that Fathers M and D, two

---

23  [4] Notably, Plaintiff continues to assert that Mohammad A. paid to have sex with her at least
24  twice per week at the Hampton Inn.  Plaintiff's Motion at 3; *see* Second Amended Complaint
    ("SAC"), ECF No. 71, at ¶ 42.  After the parties conferred, on January 21, 2025, Plaintiff's counsel
25  disclosed Mohammad A.'s identity to Defendants Hilton, N.W.H., and SSJV.  *See* Exhibit 3 to
    Plaintiff's Motion, at p. 1 ("Looking forward to finally being able to give y'all the names (and
26  hopefully hear how many times Mohammad A. checked in with his real identity.)").  Following
    this disclosure, Hilton conducted a search using Mohammad A.'s legal name to review reservation
27  records for the Hampton Inn, which revealed only **three total non-consecutive stays** with another
    adult over the course of a year.  Before Plaintiff filed her Motion, Hilton's counsel informed
    Plaintiff's counsel that the records confirmed only these three stays.  Nevertheless, Plaintiff's
28  counsel persists in claiming that Mohammad A. was at the property with Plaintiff twice per week
    for an extended period of time.

1  priests who were not parties to the . . . bankruptcy case, had sexually abused children." 661 F.3d

2  417, 420 (9th Cir. 2011).   The district court held that "the public's interest in disclosure . . .

3  outweighed the priests' privacy interests under Rule 26(c)."  *Id.*  The Ninth Circuit affirmed in part

4  as to the non-retired priest, Father M, on a *sua sponte* basis.[5]  While the court acknowledged Father

5  M's privacy interests, it held that those interests were outweighed by the "weighty interest in public

6  safety and in knowing who might sexually abuse children."  *Id.* at 428 (citing *New York v. Ferber*,

7  458 U.S. 747, 756–63 (1982)).  Because Father M's "clerical duties may bring him into contact

8  with children," the court declined to shield his identity from the public.  *Id.*  And critically, the

9  court held, "the public safety concern . . . cannot be satisfied if Father M's identifying information

10 is redacted."  *Id.*  In short, Father M's "name" could not be sealed for "good cause."  *Id.*

11      Here too, Plaintiff alleges that a third party, Mohammad A., sexually trafficked her while

12 she was a minor.   And he apparently remains "employ[ed]" in the community and in a

13 "professional" capacity (with "patients") to this day, according to Plaintiff's Complaint and

14 proposed Protective Order.  Exhibit 2 to Plaintiff's Motion, at p. 3 (proposing that "Mohammad

15 A.'s True Identity must not be disclosed to Mohammad A.'s known employer(s)," "patient(s),"

16 "professional association(s)," or the like); *see* SAC ¶ 89 ("Mohammad A. lives only a few miles

17 from the hotel.").  Those are exactly the facts that demanded public disclosure, not Attorneys' Eyes

18 Only, in *In re Roman Catholic Archbishop.*  661 F.3d at 428.  This Court thus cannot enter a

19 protective order that would shield Mohammad A.'s identity from the public.  *See id.*

20      Plaintiff does not cite this case, much less explain why it does not apply here.  Instead, she

21 claims that her prior settlement agreement with Mohammad A. includes a confidentiality provision

22 requiring her to use a pseudonym when referring to him in litigation filings.  But the existence of

23 such a provision does not suffice to show "good cause" to enforce it in this case either.  Fed. R.

24 Civ. P. 26(c)(1).  "That they agreed among themselves to keep the settlement details private,

25 without more, is no reason to shield the information from other non-settling parties to the case or

26 [even] the public at large." *Select Portfolio Serv. v. Valentino*, 2013 WL 1800039, at *3 (N.D. Cal.

27 Apr. 29, 2013).  That is true for public pre-trial filings.  *See, e.g.*, *Bernstein v. Target Stores, Inc.*,

28      [5] The Court reversed in part as to Father D, as he was 88 years old, had been retired for over 20 years, and thus posed no danger to the community.  *See id.* at 422, 428.

2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."). It is true for discovery more generally. *See, e.g.*, *Green v. Cosby*, 314 F.R.D. 164, 170 (E.D. Pa. Mar. 21, 2016) ("An agreement between two parties to keep materials confidential cannot block the disclosure of those materials to third parties in discovery." (citing *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009))). And it is especially true in *this* context, where the public has a "weighty interest" in disclosure of the alleged trafficker's name. *In re Roman Catholic Archbishop*, 661 F.3d at 428. The confidentiality provision thus provides no basis for its enforcement through a protective order.

Perhaps realizing that the provision cannot bind this Court, Plaintiff resorts to a "judicial policy favoring settlement." Plaintiff's Motion at 7. But she disregards the special circumstances that undermine that very principle in this context. Indeed, while the settlement agreement itself may be enforceable, such a confidentiality provision is *illegal* in this context under Nevada law:

> A settlement agreement **must not contain a provision that prohibits or otherwise restricts a party from disclosing factual information relating to a claim in a civil or administrative action if the claim relates to** . . . [c]onduct that if criminal liability were imposed would constitute **a sexual offense** pursuant to NRS 179D.097[6] and would be punishable as a felony, regardless of whether there was a criminal investigation, prosecution or conviction of such conduct.

N.R.S. § 10.195(1)(a) (emphasis added). This provision means what it says. In *Cobbin Richardson v. Workforce Connections*, for example, the court noted a confidentiality provision that would have restricted disclosure was "explicitly illegal under Nev. Rev. Stat. § 10.195(1)" and thus only "enforce[d] the agreement" without that term. 2022 WL 21756800, at *3 (D. Nev. Jan. 4, 2022). Defendants provided Plaintiff's counsel with this statute and case before Plaintiff filed her Motion, but Plaintiff failed to cite this authority and persisted in seeking protections for her own trafficker.

Finally, in any event, subjecting Defendants to these onerous protections would also violate Defendants' due process rights. Courts are most reluctant to apply an "attorneys' eyes only" designation, not the least because it "may result in the denial of fundamental due process rights." *Nunn v. Dillon Auto Sales, Inc.*, 2016 WL 1369337, at *2 (D. Neb. Apr. 6, 2016); *see Scentsy, Inc.*

---

[6] N.R.S. § 179D.097(1)(r) includes offenses related to sex trafficking.

*v. B.R. Chase, LLC*, 2012 WL 4523112, at \*5 (D. Idaho Oct. 2, 2012) (noting "the risk must be substantial and the injury must be serious" to justify the designation); *City of Lake Forest*, 2008 WL 11411715, at \*5 (noting that "[d]ue process requires [that] the defendants be given a full and fair opportunity to defend themselves against Plaintiffs' accusations"). Here, Plaintiff's proposed Attorneys' Eyes Only provision would hinder Defendants' ability to defend against allegations relating to Mohammad A. For example, Defendants' counsel could not engage in meaningful third-party discovery from this trafficker's associates who might have information about his activities during the alleged trafficking periods. And they could no longer share his identity with their clients or their own associates or witnesses. To thrust these type of restrictions on Defendants thus not only violates Ninth Circuit precedent, *see supra*, but also the most fundamental due process principles. *See Nunn*, 2016 WL 1369337, at \*2; *City of Lake Forest*, 2008 WL 11411715, at \*5.

Accordingly, Plaintiff's request for Attorneys' Eyes Only and pseudonym protections for her trafficker fail to find support in precedent. Indeed, precedent requires the opposite. The settlement agreement's confidentiality provision does not—and per a statute cannot—change the calculus. And the protections would in any event violate Defendants' due process rights. Plaintiff's proposed protections thus serve no valid purpose and should be rejected.

## CONCLUSION

Defendants do not oppose Plaintiff's request to proceed under a pseudonym for the purposes of pre-trial public filings, with the understanding that she would bear a heightened burden to justify using a pseudonym beyond any pre-trial proceedings. *See supra* n.2. But Defendants do very much oppose Plaintiff's proposed notice requirements relating to her own identity and the confidentiality protections relating to her alleged trafficker's identity and the settlement agreement between them.

Defendants respectfully ask the Court to deny Plaintiff's Motion to enter her proposed Protective Order, and instead enter Defendants' proposed Protective Order.

1   Dated:  February 21, 2025                Respectfully submitted,

2

                                                     */s/ Nicole M. Perry*

3                                           Jennifer L. Braster
                                           Nevada Bar No. 9982

4                                           NAYLOR & BRASTER
                                           10100 W. Charleston Blvd., Suite 120

5                                           Las Vegas, NV 89135
                                           Telephone:  (702) 420-7000

6                                           Facsimile: (702) 420-7001
                                           Email:  jbraster@nblawnv.com

7

8                                           Nicole M. Perry, *Pro Hac Vice*
                                           JONES DAY

9                                           717 Texas Street, Suite 3300
                                           Houston, TX 77002

10                                          Telephone:  (832) 239-3939
                                           Email:  nmperry@jonesday.com

11                                           Bethany K. Biesenthal, *Pro Hac Vice*
                                           Allison L. McQueen, *Pro Hac Vice*

12                                           JONES DAY
                                           110 North Wacker Drive, Suite 4800

13                                           Chicago, IL 60606
                                           Telephone:  (312) 782-3939

14                                           Email:  bbiesenthal@jonesday.com
                                                      amcqueen@jonesday.com

15

16                                           *Attorneys for Hilton Franchise Holding LLC*

17                                           */s/ Alexandra B. McLeod*

18                                           Alexandra B. McLeod
                                           Nevada Bar No. 8185

19                                           WILSON ELSER MOSKOWITZ
                                           EDELMAN & DICKER LLP

20                                           6689 Las Vegas Blvd. South, Suite 200
                                           Las Vegas, NV 89119

21                                           Telephone: (702) 727-1400
                                           Email: alexandra.mcleod@wilsonelser.com

22                                           *Attorney for N.W.H., Ltd.*

23

24

25

26

27

28

1

2
                      */s/ Whitney Selert*

3
                      Marcus J. Lee
                      Nevada Bar No. 15769

4
                      Whitney Selert
                      Nevada Bar No. 5492

5
                      O'HAGAN MEYER PLLC
                      300 S. 4th Street, Suite 1250

6
                      Las Vegas, NV 89101
                      Telephone:  (725) 286-2801

7
                      Email: mlee@ohaganmeyer.com
                              wselert@ohaganmeyer.com

8

9
                      *Attorneys for SSJV Hospitality, LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2025, a copy of the foregoing was filed using the CM/ECF system, which will effectuate service on all counsel of record.

/s/ *Nicole M. Perry*
Nicole M. Perry

*Attorney for Defendant*
*Hilton Franchise Holding LLC*