# EXHIBIT A
Defendants' Proposed Protective Order

1  MICHAEL C. KANE, ESQ.
   Nevada Bar No. 10096
2  BRADLEY J. MYERS, ESQ.
   Nevada Bar No. 8857
3  JOEL S. HENGSTLER, ESQ.
   Nevada Bar No. 11597
4  **THE702FIRM INJURY ATTORNEYS**
   8335 West Flamingo Road
5  Las Vegas, Nevada 89147
   Telephone:   (702) 776-3333
6  Facsimile:   (702) 505-9787
   *E-Mail:*   service@the702firm.com
7
   GEOFFREY C. PARKER, ESQ.
8  (*Pro Hac Vice*)
   **HILTON PARKER LLC**
9  7658 Slate Ridge Boulevard
   Reynoldsburg, Ohio 43068
10 Telephone:   (614) 992-2277
   Facsimile:   (614) 927-5980
11 *E-Mail:*   gparker@hiltonparker.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH C., pseudonymously, | Case No. : 2:23-cv-2037-APG-DJA |
| Plaintiff, | Judge Andrew P. Gordon |
| vs. | Mag. Judge Daniel J. Albregts |
| HILTON FRANCHISE HOLDING LLC, et al., | **PROTECTIVE ORDER RE PLAINTIFF'S IDENTITY AND IDENTITY OF "MOHAMMAD A"** |
| Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Stipulated Protective Order in this matter.

1. Counsel for Plaintiff shall provide to the respective counsel for the Defendants the true identity and identifying information ("True Identity")—of Plaintiff, her alleged traffickers, and the person designated in the Amended Complaint (ECF No. 36) as "Mohammad A."—upon the entry of this Stipulated Protective Order by the Court. As used herein, True Identity includes, but is not limited to:

   a) Name and any alias names used at any time;

   b) Date of birth;

   c) Social Security Number; and

d) Current address and any prior addresses from 2010 to present.

The Parties may designate as "True Identity" any documents, testimony, written responses, or other materials produced in this case if the producing Party has a good faith basis for asserting that they contain information, data, or tangible items that reflect Plaintiff's True Identity, including identifying physical attributes such as biometric data or photographs showing unique physical attributes of Plaintiff, her voice, physical addresses of residences or workplaces, or other personal identification information which by a reasonable probability could be used to identify or locate Plaintiff.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to her True Identity, such as, but not limited to, any medical, educational, financial, employment, or other information. Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings. The Parties exclusively will reference the Plaintiff through the pseudonym "Sarah C." or as "Plaintiff" in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings.

2. Parties shall clearly mark any materials or information that contain Plaintiff's True Identity with the term "TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's True Identity.

3. The Parties may disclose Plaintiff's True Identity to the following:

a) The Parties to this litigation, including any employees, agents, and representatives of the Parties, as needed to litigate any claims or defenses;

b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

c) The Court and court personnel under provisional seal and accompanied with a Motion to Seal;

d) Court reporters, recorders, and videographers engaged for depositions. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

e) Any mediator appointed by the Court or jointly selected by the Parties, provided that the Mediator signs the acknowledgment and agreement to be bound;

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, except that Plaintiff's True Identity may be disclosed to them only to the extent that such True Identity will assist the individual(s) in the scope of their work with counsel in connection with this case and said expert/consultant/investigator has signed the acknowledgment and agreement to be bound;

g) Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining and producing records;

h) Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with this litigation. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

i) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

j) Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case. Before any disclosure to such a person, a representative to bind the insurer or indemnitor must sign the acknowledgement and agreement to be bound; and

k) Any potential, anticipated, or actual fact witness, and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts.

The Parties are prohibited from disclosing Plaintiff's True Identity to any person or entity other than those listed in this Stipulated Protective Order. If the Parties believe they have good cause to make a disclosure that is not authorized under the terms of this Stipulated Protective Order, they may bring a motion to the Court for an order allowing disclosure.

4. The Court highly discourages the manual filing of any pleadings or documents under seal. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

5. All Parties and any third parties appearing or submitting filings in this case are required to redact the True Identity and any identifying information (for example, full name, social security number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

6. To the extent any Party or non-party has questions or concerns about whether any

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333

forthcoming filing complies with the requirements of this Order, such Party or non-party should seek leave of Court prior to submitting any such filing.

7. The Parties agree that Plaintiff's medical records and medical billing will be identified and treated as confidential material and will be marked clearly with "True Identity".

8. The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

9. The Parties will further submit a stipulated protective order governing the confidentiality of documents to be exchanged in discovery in this case.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Sarah C. v. Hilton Franchise Holding LLC et al.*, 2:23-cv-2037-APG-DJA.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

THE702FIRM
ATTORNEYS AT LAW
8335 West Flamingo Road
LAS VEGAS, NEVADA 89147
PHONE: (702) 776-3333