1  RICHARD A. SCHONFELD, ESQ.
2  Nevada Bar No. 6815
   CHESNOFF & SCHONFELD
3  520 South Fourth Street
   Las Vegas, Nevada 89101
4  Telephone: (702) 384-5563
5  rschonfeld@cslawoffice.net

6  Attorneys for Non-Party
7  MOHAMMAD A. (pseudonym)

8              UNITED STATES DISTRICT COURT
9                 DISTRICT OF NEVADA
                      * * * * * *
10

11 SARAH C., pseudonymously,              )    CASE NO. 2:23-cv-2037-APG-DJA
                                          )
12              Plaintiff,                )    NON-PARTY MOHAMMAD A.'S
                                          )    MOTION FOR PROTECTIVE
13 v.                                     )    ORDER TO MAINTAIN
                                          )    CONFIDENTIALITY OF HIS
14                                        )    NAME AND THE SETTLEMENT
15 HILTON FRANCHISE HOLDING LLC, et al.,  )    REACHED WITH PLAINTIFF
                                          )
16              Defendant,                )
                                          )
17 ─────────────────────────────────────  )

18      COMES NOW, Non-Party Mohammad A, by and through his attorney, RICHARD A.

19 SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby files this

20 Motion for Protective Order to Maintain Confidentiality of his Name and the Settlement Reached

21 with Plaintiff.

22

23

24

25

26

27

28
                                          1

1    This Motion is based on the attached Memorandum of Law, the papers and pleadings on

2   file herein, and any argument that may be heard.

3    Dated this 21st day of April, 2025.

4

5                                            Respectfully Submitted:

6                                            CHESNOFF & SCHONFELD

7                                            /s/    Richard A. Schonfeld
                                             RICHARD A. SCHONFELD, ESQ.
8                                            Nevada Bar No. 6815

9                                            20 South Fourth Street
                                             Las Vegas, Nevada 89101
10                                           Telephone: (702) 384-5563

11                                           rschonfeld@cslawoffice.net

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF LAW**

**I.    PROCEDRUAL HISTORY**

On February 7, 2025, Plaintiff's counsel filed a Motion for Entry of a Protective Order and for Leave to Proceed Under a Pseudonym (Dkt 81). That Motion sought: 1) to protect the identify of Plaintiff; 2) to protect the identify of Mohammad A. and to limit the disclosure of the settlement agreement reached between Plaintiff and Mohammad A. so that it is maintained with an "Attorney's Eyes Only" designation.

This Motion for Protective Order relates to the second issue raised by Plaintiff.

As to the identity of Mohammad A., the Protective Order proposed by Plaintiff would restrict public disclosure of Mohammad A's true identity, but would provide that information to the following categories of people:

1.  The Parties to the litigation, including employees provided that said employees acknowledge the protective order and agree to be bound by its terms;

2.  Counsel for the Parties;

3.  The Court (under provisional seal and to be accompanied with a Motion to Seal);

4.  Members of the Jury;

5.  Court Reporters who acknowledge the protective order and agree to be bound by its terms;

6.  Any Mediator utilized by the parties provided that they acknowledge the protective order and agree to be bound by its terms;

7. Expert witnesses, consultants, and investigators retained by the parties, provided that they acknowledge the protective order and agree to be bound by its terms;

8. Custodian of records, if needed for the litigation;

9. Outside vendors related to discovery, provided they acknowledge the protective order and agree to be bound by its terms;

10. Government agencies if necessary to litigate any claims or defenses;

11. Insurers, provided they acknowledge the protective order and agree to be bound by its terms;

12. Fact witnesses, except for Mohammad A's known employers, prospective employers, co-workers, colleagues, customers, clients, buyers, patients, professional associations, or family members, unless by Court Order.

Accordingly, the proposed Protective Order will not prejudice the Defendants as the circumstances in which Mohammad A.'s true identify can be used for purposes of the litigation are broad, but it would afford Mohammad A. the protection that he is entitled to under the terms of the settlement agreement reached with the Plaintiff and under Ninth Circuit case law.

As to the settlement agreement itself, there is no prejudice to the Defendants as that document would be provided with an "Attorney's Eyes Only" designation.

## II.    THE PROTECTION SOUGHT IS APPROPRIATE:

Mohammad A. is not a party to this litigation, denies any wrongdoing, and will not be in a position to defend himself from allegations lodged in this litigation.  Accordingly, protection over his identity is necessary.

4

For example, in Plaintiff's Motion for Entry of a Protective Order she asserts that Mohammad A. is "a john who abused her…" and that according to the First Amended Complaint "Mohammad A. ..paid to have sex with Sarah twice a week at the Hampton Inn." The statements make it clear that even though this case is against the properties, Mohammad A. will be the subject of scurrilous accusations that will be left with no response. As a result, the need for protection is clear.

"Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties." *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993). "Sound judicial policy fosters and protects this form of alternative dispute resolution." *Id.* (citing Fed. R. Evid. 408 for the proposition that it "protects compromises and offers to compromise by rendering them inadmissible to prove liability"). Thus, many courts have found it appropriate to preserve the confidentiality of settlement agreements, such as by issuing protective orders or allowing the filing of such agreements under seal. See, e.g., *Phillips ex rel. Ests. Of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted protective orders to protect confidential settlement agreements); *Flynn v. Portland Gen. Elec. Corp.*, 1989 WL 112802, 58 U.S.L.W. 2243 50 Fair Empl.Prac.Cas. (BNA) 1497 (D. Or. 1989) ("the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated"); *Kalinauskas*, 151 F.R.D. at 365 ("The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection."); *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, 2011 WL 704456, *1-*2 (N.D. Cal. Feb.18, 2011) (finding good cause to allow the parties to file settlement agreement under seal to preserve the agreement's confidentiality); *Daniels v. Bursey*, 2006 WL 468015, at *4 (N.D. Ill. Feb.23, 2006) (strong public policy favoring settlement of claims was "good cause"

1   to issue protective order for a confidential settlement agreement).The Ninth Circuit has

2   recognized the propriety of courts granting protective orders to protect confidential settlement

3   agreements. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir.

4   2002). "[A] protective order can strike the appropriate balance between the need for the

5   information and the privacy [and confidentiality] concerns" of third parties. *Putnam v. Eli Lilly*

6   *and Co.*, 508 F.Supp.2d 812, 814-815 (C.D. Cal. 2007).

7

8          In addressing whether to apply protective orders to settlement agreements, courts have

9   cited a strong public policy favoring settlement of claims as good cause for issuing a protective

10  order for confidential settlement agreements. See, e.g., *Hasbrouck v. BankAmerica Housing*

11  *Svcs.*, 187 F.R.D. 453, 459 (N.D.N.Y. 1999) ("While protecting the confidentiality of settlement

12  agreements encourages settlement, which is in the public interest, permitting disclosure would

13  discourage settlements, contrary to public interest."); *Prosurance Grp., Inc. v. Liberty Mut. Grp.,*

14  *Inc.*, 10-CV-2600 (LHK), 2011 WL 704456 (N.D. Cal. Feb. 18, 2011) (finding that to the extent

15  "the documents discuss or disclose the terms of the [settlement] Agreement, good cause exists to

16  permit filing under seal") (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307

17  F.3d 1206, 1212 (9th Cir. 2002) (noting that courts have granted protective orders to protect

18  confidential settlement agreements)); *Daniels v. Bursey*, No. 03 C 1550, 2006 WL 468015, at *4

19  (N.D. Ill. Feb. 23, 2006) (strong public policy favoring settlement of claims was "good cause" to

20  issue protective order for a confidential settlement agreement).

21

22          Here, Mohammad A. is not seeking to preclude the Defendants from receiving the

23  settlement agreement. Rather, Mohammad A, and the Plaintiff, are seeking to limit its further

24  dissemination by Defendants' attorneys and are seeking to preclude the parties from publicly

25  disclosing his name.

26

27

28

### III.    NRS 10.195 Does Not Apply:

In anticipation of an argument that NRS 10.195 precludes the confidentiality sought herein, such is not the case. NRS 10.195 provides restrictions on confidentiality relating to "a claim in a civil or administrative action." NRCP 3 titled "Commending an Action", states that "a civil action is commenced by filing a complaint with the court." Accordingly, given that there was no "civil action" filed, NRS 10.195 is not applicable.

When statutory language is clear and unambiguous, Nevada courts do not look beyond its plain meaning, and give effect to its apparent intent from the words used. *State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001); *Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

If the Court disagrees in terms of NRS 10.195 not applying, then the Court can review the settlement agreement *in camera* and determine whether any of the remaining NRS 10.195 factors exist. It is respectfully submitted that NRS 10.195 does not apply.

### IV.    Conclusion:

The carefully crafted request for relief is the precise balancing that should occur when considering the strong public policy regarding confidential settlements, and the Defendants' right to engage in discovery in this case.

///

For the foregoing reasons, Mohammad A. seeks to intervene in this case and requests that the Court enter the protective order as proposed by Plaintiff.

DATED this 21st day of April, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/      Richard A. Schonfeld
RICHARD A. SCHONFELD, ESQ.
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2025, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Rosemary Reyes
Employee of Chesnoff & Schonfeld