1  RICHARD A. SCHONFELD, ESQ.
   Nevada Bar No. 6815
2  CHESNOFF & SCHONFELD
3  520 South Fourth Street
   Las Vegas, Nevada 89101
4  Telephone: (702) 384-5563
5  rschonfeld@cslawoffice.net

6  Attorneys for Non-Party
7  MOHAMMAD A. (pseudonym)

8              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEVADA
9                    * * * * * *
10

11 SARAH C., pseudonymously,         )   CASE NO. 2:23-cv-2037-APG-DJA
                                     )
12              Plaintiff,           )   **NON-PARTY MOHAMMAD A.,**
                                     )   **PLAINTIFF'S, AND DEFENDANTS'**
13 v.                                )   **STIPULATION FOR LIMITED**
14                                   )   **PROTECTIVE ORDER RELATED TO**
15 HILTON FRANCHISE HOLDING LLC, et al., ) **MOHAMMAD A.'S SETTLEMENT**
                                     )   **WITH PLAINTIFF**
16              Defendants,          )
17 _____   )

18        **THE FOLLOWING IS HEREBY STIPULATED AND AGREED**, by and among

19 Plaintiff SARAH C., Defendants N.W.H. Ltd., SSJV Hospitality LLC, Hilton Franchise Holding,

20 LLC, and Non-Party Mohammad A. (collectively referred to as the "parties"):

21                          **INTRODUCTION**

22    1. On June 27, 2025, the Court entered an Order at Docket Number 95, denying without

23       prejudice, Mohammad A's Motion for a Protective Order;

24    2. On July 2, 2025, counsel for Mohammad A. had a meet and confer conference with counsel

25       for Defendants N.W.H. Ltd., SSJV Hospitality LLC, Hilton Franchise Holding, LLC

26       ("Corporate Defendants") in an effort to resolve: 1) the issue of production of the settlement

27       agreement entered into between Plaintiff and Mohammad A. with a protective order limiting

28       its use and disclosure; and 2) the issue of Mohammad A. proceeding by pseudonym;

                              - 1 -

3.  Mohammad A. and the Corporate Defendants were not able to resolve the issue related to Mohammad A. proceeding by pseudonym; however, all Parties believe that the Stipulation set forth herein, and the proposed order, are the most efficient use of judicial resources and the resources of counsel, as it may alleviate the need for further proceedings related to Mohammad A. proceeding by pseudonym;

4.  After the meet and confer conference, Plaintiff's counsel was apprised of parameters of what Mohammad A. and the Corporate Defendants were contemplating as a limited resolution of the two issues, and Plaintiff's counsel concurs with what is being proposed and is a party to this Stipulation;

## STIPULATION

**A.    Issue Number 1 (The Settlement Agreement):**

1.  The Plaintiff will provide to the Corporate Defendants the Settlement Agreement that was reached between Plaintiff and Mohammad A. ("Settling Parties"), with their names and identifying information redacted ("Redacted Settlement Agreement").

2.  Absent further Court Order, the Parties will be permitted to share the redacted Settlement Agreement, with only the following categories of individuals/entities:

    a.  The parties to the litigation, including employees, provided that said parties and their employees acknowledge that they are prohibited from further disclosure of the Redacted Settlement Agreement as a result of this Order;

    b.  Counsel for the parties;

3.  The Court, provided that it is filed under provisional seal with a Motion for Leave to file the Redacted Settlement Agreement under seal;

4.  Members of the Jury;

5.  Court Reporters who acknowledge that they are prohibited from further disclosure of the Redacted Settlement Agreement as a result of this Order;

6. Any Mediator utilized by the parties provided that they acknowledge that they are prohibited from further disclosure of the Redacted Settlement Agreement as a result of this Order;

7. Expert witnesses, consultants, and investigators retained by the parties, provided that they acknowledge that they are prohibited from further disclosure of the Redacted Settlement Agreement as a result of this Order;

8. Insurers, provided they acknowledge that they are prohibited from further disclosure of the Redacted Settlement Agreement as a result of this Order;

**B.  Issues Number 2 (Mohamad A Proceeding by Pseudonym):**

1. The parties were not able to reach an agreement on parameters under which Mohammad A. could proceed under Pseudonym and have public disclosure of his identity restricted. However, counsel for the Corporate Defendants believe that production of the Redacted Settlement Agreement could result in motion practice that may alleviate the need for further proceedings wherein they would identify Mohammad A. Accordingly, as an interim solution, the parties agree that they will not publicly disclose Mohammad A.'s identity until the party that desires to disclose the identity provides notice to counsel for Mohammad A. At that time, Mohammad A. would have 10 days within which to file a Motion for Protective Order related to Mohammad A.'s identity. In the event that a Motion for Protective Order is filed within that 10 calendar day period, then neither the Corporate Defendants nor the Plaintiff will disclose Mohammad A.'s identity until the Court rules on the Motion for Protective Order. If Mohammad A. fails to file a Motion for Protective Order within 10 calendar days, the parties may publicly disclose his identity in compliance with its obligations in this case.

2. The parties will proceed with discovery and disclosures in this case. Unless and until a Motion for Protective Order is resolved by the Court consistent with Paragraph B.1, no party may disclose Mohammad A.'s identity beyond the lawyers and parties in the above-captioned matter.

3.  In reaching the interim agreement in Section B of this order, the parties do not waive any substantive or procedural rights they may have to challenge or object to Mohammad A. proceeding under a pseudonym in this matter.

Dated: July 21, 2025.

| | |
|---|---|
| CHESNOFF & SCHONFELD | HILTON PARKER LLC |
| /s/ Richard A. Schonfeld | /s/ Geoffrey Parker |
| RICHARD A. SCHONFELD, ESQ.<br>Nevada Bar No. 6815<br>CHESNOFF & SCHONFELD<br>520 South Fourth St.<br>Las Vegas, Nevada 89101<br>520 South Fourth Street<br>Attorney for Mohammad A. | Geoffrey Parker, Esq. (Pro Hac Vice)<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, OH 43068<br>Attorney for Plaintiff Sarah C. |
| JONES DAY | O'HAGAN MEYER PLLC |
| /s/ Nicole M. Perry | /s/ John Philip Morgenstern |
| Nicole M. Perry, Esq. (Pro Hac Vice)<br>717 Texas Avenue, Suite 3300<br>Houston, TX 77002<br>Bethany K. Biesenthal, Esq.<br>(Pro Hac Vice)<br>Allison L. McQueen, Esq.<br>(Pro Hac Vice)<br>110 North Wacker Drive,<br>Suite 4800<br>Chicago, IL 60606 | John Philip Morgenstern, Esq.<br>Marcus Lee, Esq.<br>Whitney Selert, Esq.<br>300 S. 4th Street, Suite 1250<br>Las Vegas, Nevada 89101<br>Attorneys for SSJV Hospitality LLC<br><br>WILSON ELSER<br><br>/s/ Alexandra B. Mcleod |
| NAYLOR & BRASTER<br>Jennifer L. Braster<br>Nevada Bar No. 9982<br>10100 W. Charleston Blvd.,<br>Suite 120<br>Las Vegas, NV 89135<br>Attorneys for Defendant Hilton Franchise Holding LLC | 6689 Las Vegas Blvd. South, Suite 200<br>Las Vegas, Nevada 891119<br>Attorney for N.W.H. Ltd. |

## ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation and Limited Protective Order.

**IT IS SO ORDERED.**

Dated: _____   _____
UNITED STATES MAGISTRATE