1  Nicole M. Perry, *Pro Hac Vice*
   JONES DAY
2  717 Texas Street, Suite 3300
   Houston, TX 77002
3  Telephone: (832) 239-3939
   Facsimile: (832) 239-3600
4  Email: nmperry@jonesday.com

5  Bethany K. Biesenthal, *Pro Hac Vice*
   Allison L. McQueen, *Pro Hac Vice*
6  JONES DAY
   110 North Wacker Drive, Suite 4800
7  Chicago, IL 60606
   Telephone: (312) 782-3939
8  Facsimile: (312) 782-8585
   Email: bbiesenthal@jonesday.com
9         amcqueen@jonesday.com

10 Jennifer L. Braster
   Nevada Bar No. 9982
11 NAYLOR & BRASTER
   10100 W. Charleston Blvd., Suite 120
12 Las Vegas, NV 89135
   Telephone: (702) 420-7000
13 Facsimile: (702) 420-7001
   Email: jbraster@nblawnv.com
14
   Attorneys for Defendant
15 *Hilton Franchise Holding LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SARAH C., pseudonymously,<br><br>Plaintiff,<br><br>v.<br><br>N.W.H. LTD.; SSJV HOSPITALITY LLC; HILTON FRANCHISE HOLDING LLC; ERIC WASHINGTON; GREGORY STEPHENS; ALEXANDRA MARQUEZ SALCEDO; BRANDON MCCULLOUGH; ROE CORPORATIONS I-X; and JOHN DOES I-V,<br><br>Defendants. | Case No.: 2:23-cv-2037-APG-DJA<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY (First Request)** |

Pursuant to Local Rules IA 6-1 and 26-3, IT IS HEREBY STIPULATED AND AGREED by and among: (1) Plaintiff S.C. ("Plaintiff"); (2) Defendant Hilton Franchise Holding LLC ("Hilton"); (3) Defendant N.W.H. Ltd. ("N.W.H."); and (4) Defendant SSJV Hospitality LLC ("SSJV") (collectively, the "Parties") that the current discovery deadlines be extended by ninety (90) days in this action. This is the first stipulation to extend discovery deadlines since entry of the initial Scheduling Order (Doc. 79).

I. **DISCOVERY COMPLETED TO DATE**

To date, the Parties in this action have engaged in substantial and diligent discovery efforts, including the exchange of disclosures, productions, and the service of and response to written discovery. The Parties have exchanged letters and met and conferred numerous times regarding deficiencies in the Parties' respective productions and responses. The Parties have produced approximately 7,000 pages of documents and subpoenaed additional non-party discovery. Review of these documents is ongoing, and completing any depositions and finalizing expert disclosures and reports are outstanding.

Defendant Hilton has proactively engaged in discovery, diligently addressing challenges in identifying and collecting relevant materials from the applicable timeframe. To date, Hilton has produced numerous documents and has maintained regular, productive discussions with Plaintiff over several months to refine search parameters. Hilton is preparing supplemental responses and production to address the issues raised by Plaintiff.

Defendants N.W.H. and SSJV have also been proactive in responding to discovery. To date, discovery has uncovered revised duration of the alleged trafficking which excludes NWH's involvement. NWH intends to pursue any additional discovery necessary to confirm the relevant time period and seek dismissal accordingly.

Defendant SSJV has responded to Plaintiff's written discovery requests, producing relevant documents and information and has propounded written discovery requests, including interrogatories, requests for production and requests for admission. Defendant SSJV and Plaintiff are currently engaged in good faith meet and confer efforts to resolve perceived deficiencies in written discovery responses.

Plaintiff has actively participated in discovery as well. Plaintiff has served six subpoenas, including subpoenas to the Las Vegas Metropolitan Police Department and the following companies: T-Mobile, Metro PCS, Expedia, Priceline, and Boost Mobile. Plaintiff has also served discovery on all three Defendants, and Plaintiff is in the process of negotiating supplementation of Defendant Hilton's responses.

Plaintiff has also responded to discovery served by Defendants Hilton and SSJV, which involved reviewing 67,000 pages of materials from Plaintiff's first cell phone, used during the first half of the trafficking period. Plaintiff has also recently regained access to her second phone used during the trafficking period, which is currently in LVMPD custody, and which she expects to involve a similar amount of work to go through. Plaintiff has also compiled and produced several thousand pages of documents from Plaintiff's medical providers and insurance companies.

Additionally, Plaintiff has received records from the LVMPD regarding her traffickers' criminal cases and has disclosed them to the other side. She has also reached out to, and obtained her client file from, her previous attorneys regarding prior settlement agreements. Plaintiff has also located and disclosed documents regarding her personal information and education history, which include transcripts and a translated copy of her birth certificate. Finally, Plaintiff is in the process of gaining access to past social media and email accounts. She expects this process to take some time as several of these accounts are connected to email addresses and phone numbers that Plaintiff no longer has access to.

Despite discovery efforts thus far, discovery has been delayed in this case. Plaintiff has experienced health difficulties in recent months, including hospitalizations, hindering her full ability to participate in discovery. These delays have caused Plaintiff's counsel to receive substantial production materials later than anticipated, and the review of potentially relevant materials remains ongoing. Defendants would like to schedule Plaintiff's deposition but cannot do so until Plaintiff's production is materially complete. The Parties have made significant progress but require additional time to ensure that all necessary discovery is completed.

## II. REQUEST FOR EXTENSION

Good cause exists for this extension. The Parties have been diligent in their efforts to move forward with discovery, but document review and production is continuing by all Parties. Until material completion of production and the associated document review, the Parties are unable to identify additional witnesses, conduct depositions, and adequately prepare expert disclosures. These circumstances necessitate a 90-day extension to ensure discovery is completed properly and in accordance with the rules governing full and fair disclosure.

## III. PROPOSED MODIFICATION

| Task | Current Deadline | Deadline Sought |
|---|---|---|
| Initial Expert Disclosures | November 21, 2025 | February 21, 2026 |
| Rebuttal Expert Disclosures | December 22, 2025 | March 22, 2026 |
| Close of Discovery | January 21, 2026 | April 21, 2026 |
| Dispositive Motions | March 6, 2026 | June 6, 2026 |

**IT IS SO STIPULATED.**

DATED on this 22nd day of September, 2025.

| | |
|---|---|
| /s/ Geoffrey Parker<br>Geoffrey Parker, Esq. (*Pro Hac Vice*)<br>HILTON PARKER LLC<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, OH 43068<br>gparker@hiltonparker.com<br><br>*For Plaintiff* | /s/ Nicole M. Perry<br>Nicole M. Perry, Esq. (*Pro Hac Vice*)<br>JONES DAY<br>717 Texas St., Suite 3300<br>Houston, TX 77002<br>nmperry@jonesday.com<br><br>Bethany K. Biesenthal, Esq. *(Pro Hac Vice)*<br>bbiesenthal@jonesday.com<br>Allison L. McQueen, Esq. *(Pro Hac Vice)*<br>amcqueen@jonesday.com<br>JONES DAY<br><br>Jennifer L. Braster, Esq.<br>NAYLOR & BRASTER<br>Nevada Bar No. 9982<br>10100 W. Charleston Blvd., Suite 120<br>Las Vegas, NV 89135<br>jbraster@nblawnv.com |

| | *For Defendant Hilton Franchise Holding LLC* |
|---|---|
| */s/ Alexandra B. McLeod*<br>Alexandra B. McLeod<br>WILSON ELSER<br>6689 Las Vegas Blvd. South<br>Suite 200<br>Las Vegas, NV 89119<br>alexandra.mcleod@wilsonelser.com<br><br>*For N.W.H. Ltd.* | */s Whitney Selert*<br>Marcus Lee, Esq.<br>mlee@ohaganmeyer.com<br>Whitney Selert, Esq.<br>wselert@ohaganmeyer.com<br>Jorge Padilla, Esq.<br>jpadilla@ohaganmeyr.com<br>O'HAGEN MEYER PLLC<br>300 S. 4th Street Suite 1250<br>Las Vegas, NV 89010<br><br>*For SSJV Hospitality LLC* |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: _____

5